THE MADISON BANK V. W. M. PRICE *et al.*

No. 15,523.   (98 Pac. 222.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Abstract of the Record—Preparation.* The duty of preparing a sufficient abstract devolves upon the plaintiff in error. The provision of rule 10a exempting him from the necessity of abstracting all the evidence to support a claim on his part that it does not show or tend to show a certain fact is an exception in his favor, and he should take care not to abuse the privilege which it accords him.

2. ——— *Abstract of Evidence.* The provision of rule 10a referred to does not restrict the claim of a plaintiff in error to one fact or finding, and he may, in good faith and in proper

case, make the claim that several of a large number of essential facts or findings of fact are unsupported by the evidence without being obliged to abstract all the evidence to support it.

3. ——— *Counter-abstract—Costs.* In all except extreme cases, of palpable bad faith the defendant in error should meet a claim of the character described by promptly furnishing a counter-abstract. If it should finally appear that the claim or a substantial portion of it was not reasonably well founded, the cost of the counter-abstract, or so much of it as was unnecessarily required, may be taxed to the plaintiff in error.

Error from Greenwood district court; GRANVILLE P. AIKMAN, judge. Opinion filed November 7, 1908. Leave given to file counter-abstract, and case retained for decision on the merits.

*R. M. Hamer,* and *W. C. Harris,* for plaintiff in error.

*S. F. Wicker, F. S. Jackson,* and *L. B. Kellogg,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: W. O. Waymire, a stockholder of the Madison Bank, assigned his certificates of stock in due form to W. M. Price and W. S. Fallis. The assignees demanded a transfer of the stock on the books of the bank. The demand was refused, and this action was commenced to compel the bank to make the transfer. One of the defenses was that Waymire was indebted to the bank in a large sum, composed of numerous items arising out of various and diverse transactions covering a long period of time. The reply was in part estoppel, involving knowledge, assent, approval and ratification. The cause was referred to a referee, who found the facts in detail and made conclusions of law in favor of the plaintiffs. The report of the referee was challenged by the defendant, but the district court approved it, denied a motion for a new trial, and rendered judgment for the plaintiffs. The defendant prosecutes error.

The findings of fact number 151. Some of them are

historical, some relate to matters concerning which there is no controversy, some are in the nature of general conclusions of fact drawn from particular facts, and one or two are immaterial. Probably one hundred of them are of special importance in determining the controversy.

In the defendant's brief the question whether the findings of the referee are supported by the evidence is discussed on three consecutive pages devoted to that subject. The admission is expressly made that the defendant is bound by the findings so far as they are supported at all by the evidence. The following is set off as a distinct and separate paragraph: "We submit that findings of fact numbered 62, 63, 73, 74, 75, 78, 84, 88, 92, 107, 108, 110, 116, 117, 119, 130, 132 and 150 are not supported by evidence." The succeeding paragraph makes the same charge against finding No. 81. The next paragraph is devoted to findings numbered 140, 141 and 142, which are assailed in the same manner.

The plaintiffs attempt to meet this statement in the following manner:

"In order to show how easy it is for the plaintiff in error to save toil on its part under the new rules of the supreme court and the interpretation thereof in the case of *Railway Co. v. Conlon,* 77 Kan. 324, 94 Pac. 148, we respectfully call the attention of the court to a paragraph found near the bottom of page 29 of the brief of plaintiff in error. [The paragraph quoted.] . . . The rule of the supreme court interpreted by the above decision is to the effect that the plaintiff in error may not say that all the findings are unsupported by the evidence, and thus get the benefit of having the statement admitted by the defendant in error unless he shall prepare an abstract setting out the evidence sustaining the findings.

"In this case, as will be noticed, the plaintiff in error makes the statement that the findings contained in the above-quoted paragraph are unsupported by the evidence. Supposing plaintiff in error had made the same remark in regard to the findings from 1 to 151, the question would be presented whether or not the plain-

tiff in error had succeeded in transferring the burden of making the abstract to defendants in error.

"Whether or not the above-quoted paragraph from the brief of the plaintiff in error is or is not sufficient to cast the burden upon us of pointing out in the record the evidence sustaining those findings, we now invite the attention of the court to some of the evidence sustaining the findings objected to by the plaintiff in error. [Here follow several printed pages of references to the record.]"

The court has not looked at the record, and does not intend to do so. The syllabus of the decision in *Railway Co. v. Conlon*, 77 Kan. 324, 94 Pac. 148, is very plain and positive. It reads thus:

"Causes are no longer to be determined in this court upon the records, but upon abstracts prepared in accordance with the provisions of rule 10*a*."

The reference in rule 10*a* and in the Conlon case to "a certain fact" does not restrict the challenge of a plaintiff in error to one fact or finding. The principle applies to big cases involving many facts as well as to small cases involving only a few facts, and a plaintiff in error may say, in good faith and in a proper case, that several of a large number of essential facts or findings of fact are unsupported by the evidence without being obliged to abstract all the evidence to support the claim. He can not however, by substantially a blanket charge of a want of support, unload the burden of abstracting the evidence upon his opponent.

The duty of preparing a sufficient abstract devolves upon the plaintiff in error. The provision of rule 10*a* quoted and discussed in the Conlon case is an exception in his favor, and he should be careful not to abuse the privilege which it accords him. But the opposing party should not be finical about the number of facts or findings assailed merely because it seems considerable. In all except extreme cases of palpable bad faith he should meet the claim of a want of evidence by promptly furnishing a counter-abstract. If it should finally ap-

Bank v. Price.

pear that the claim, or a substantial portion of it, was not reasonably well founded, the cost of the counter-abstract, or so much of it as was unnecessarily required, may be taxed to the plaintiff in error. Attorneys must always bear in mind, however, that the court will not tolerate hair-splitting over the preparation of abstracts. It is not the purpose to build up a towering addition to the code of civil procedure consisting of a lot of technical rules upon the subject of abstracts. The good sense and common fairness of the members of the profession will be sufficient to guide them if they will study the rule, study their cases, and then use their best judgment.

The purpose of the abstract rule is to enable the court to reach a just conclusion upon the merits of causes. In the Conlon case it bespoke the assistance of the bar to that end. Here is a case of great importance, both with respect to the amount in controversy and the principles of law involved, which consumed a long period of time in trying and which has been conducted at heavy cost and expense on both sides. Yet the court is left in the dark as to what its decision ought to be because able and experienced counsel quarrel over who should print a few extracts from the record. It is something of a problem to determine what the proper order should be. It is the purpose of the court to require compliance with the abstract rule, and if the blame for the present dilemma could be fixed upon one party or the other the case would be disposed of accordingly. Both parties, however, are at fault.

The defendant's abstract contains 180 printed pages. This fact shows that its attorneys are not averse to work, and the court has no doubt of their sincerity in claiming that the findings enumerated are unsupported by the evidence. When the nature of the issues and the number of branches of the case are considered, the number of findings impugned is not unduly large. But the claim was not made with due deliberation or dis-

crimination. Findings numbered 140, 141 and 142 are sustained by evidence printed in the abstract. The defendant's real difficulty with them lies in the fact that the district court declined to accept its theory of the law respecting the transaction covered by the findings. Finding No. 81 relates to an undisputed fact. Finding No. 84 is sustained by evidence contained in the abstract and counter-abstract. The substantial question is whether the evidence gives rise to the legal consequence claimed for it. Finding No. 107 is supported by the statement made in the defendant's abstract, at page 115. Besides this, the referee specifies the documents upon which the finding rests, so that the question would appear to be one of interpretation. Finding No. 110 is of course a conclusion from other facts found. Finding No. 75 is supported by evidence which the defendant itself prints at page 107 of its abstract. Other findings in the list appear to be sustained by evidence, either in whole or in part. Enough have been referred to to show that the claim under consideration was made without the close scrutiny of the record and the thoughtful care which should always precede its assertion.

Upon receiving the defendant's abstract the plaintiffs should have made the analysis of the findings which the court has been compelled to make, should have stated the result, and then should have printed whatever evidence they can produce from the record to uphold those findings left in need of support. Further than this, take the case of the findings relating to estoppel, knowledge, acquiescence, approval and ratification, each one synthetizing a number of independent facts. Some of these independent facts may perhaps appear in findings which are not assailed; some may be supported by items of evidence already printed; but it may be necessary to abstract evidence from the record to make out other constituent elements of the ultimate fact found. Not only should this evidence be abstracted, but in connection with it the evidence al-

ready printed and the sustaining findings, if any, should be clearly and definitely referred to.

In view of all the circumstances the court has concluded to retain the case for decision upon the merits. The plaintiffs are given thirty days in which to prepare, serve upon the defendant and file with the court a counter-abstract in response to the claim of the dedefendant which has been the subject of this discussion.