C. BRICE-NASH, *Appellee,* V. THE BARTON SALT COM-
PANY, *Appellant.*

No. 16,683.

INSTRUCTIONS—*Failure to Cover Facts in Issue.*  In a personal-
injury case the ruling of the trial court sustaining a motion
for a new trial held to be justified by a defect in the instruc-
tions.

Appeal from Reno district court.    Opinion filed No-
vember 5, 1910.    Affirmed.

*William Warner, O. H. Dean, W. D. McLeod,* and *H.
C. Timmonds,* for the appellant.

*W. G. Fairchild,* and *F. Dumont Smith,* for the ap-
pellee.

*Per Curiam:*  C. Brice-Nash was injured while in
the employ of the Barton Salt Company.    He sued his
employer, alleging his injury to have been occasioned
by its negligence.    At the first trial a demurrer to his
evidence was sustained upon the ground that the negli-
gence shown, if any, was that of a fellow servant.    This
ruling was reversed on appeal.    (*Brice-Nash v. Salt
Co.,* 79 Kan. 110.)    A subsequent trial resulted in a
verdict against the plaintiff.    The court, however,
granted a new trial, and the defendant appeals.

The appellant argues the case upon the theory that
the verdict was set aside because a juror testified that
he had not agreed to it.    This testimony was obviously
incompetent under the rule forbidding a juror to im-
peach his verdict by describing his mental operations.
(*Perry v. Bailey,* 12 Kan. 539.)    The appellee, however,
asserts that the ruling was based upon the ground of
error in the instructions, and this must be assumed to
be the case, as there is nothing in the record to indicate
the contrary.

While standing near a mass of salt, the face of which

· had already been considerably undermined, the plaintiff was injured by the fall of a part of it, which he claims was caused by a workman striking it with a pick. Instructions were given to the effect that he could not recover if he knew the salt was undermined, and therefore liable to fall at any time, and with this knowledge he stood where he knew he would be in danger if it fell. These instructions were open to criticism because they treated the matter as though the salt had fallen by reason of conditions already existing, and made no reference to the act of the workman in picking at it and causing a fall without giving the plaintiff warning—the conduct chiefly relied upon as constituting negligence. The plaintiff, by standing near the salt, knowing its condition, may well be deemed to have voluntarily incurred any danger of its falling of its own weight, but he can not be said thereby to have taken the risk of its being dislodged by the blow of a pick, which he had no reason to anticipate. This defect in the charge justified the trial court in setting aside the verdict. The order granting a new trial is affirmed.