The State v. Berger.

---

THE STATE OF KANSAS, *Appellee*, v. WALTER BERGER,
*Appellant*.

No. 17,986.

SYLLABUS BY THE COURT.

1. EVIDENCE — *Preliminary    Examination — Transcript — Com-
   petent*.   Where, in the trial for an alleged felony, a witness is
   called by the state who has testified about the same facts at
   the preliminary examination, and the defense produces and
   offers in evidence a transcript of the court stenographer's
   notes taken at the preliminary examination, claiming a ma-
   terial variance, such transcript should usually be admitted
   in evidence.

2. ——— *When Refusal to Admit Not Prejudicial*.   Where in
   such case, however, on cross-examination the questions and
   answers have been read to the witness, from the transcript, in

the presence of the court and jury and the witness has been interrogated in reference thereto and he has admitted, explained or denied the statements therein claimed to be at variance with his testimony in court, no prejudice can result to the defendant from the refusal to allow such transcript to be re-read.

3. INSTRUCTIONS — *Alibi* — *Conspiracy*.    On the trial of one charged with a felony the defense produced evidence tending to establish an alibi and the state produced evidence tending to prove that shortly prior to the commission of the crime the defendant and others planned and conspired the commission thereof.    In such case it was not error for the court, after calling attention to such evidence, to further instruct the jury that if they believed beyond a reasonable doubt that the defendant and others had entered into an agreement or conspiracy to do the criminal acts charged and that some one or more of those participating in the conspiracy did actually commit the acts charged, then it would make no difference whether the defendant was personally present or not; that each such conspirator would be equally guilty whether or not he was present at the commission of the criminal act.

Appeal from Stafford district court.    Opinion filed June 8, 1912.    Affirmed.

*George A. Neeley,* for the appellant.

*John S. Dawson,* attorney-general, *Ray H. Beals,* county attorney, and *Paul R. Nagle,* for the appellee.

The opinion of the court was delivered by

SMITH, J.:    The appellant and two others were charged by information in one count with burglariously breaking and entering a building known as the Hudson State Bank building, in which goods and valuable effects were kept, and by the use of explosives opening the safe in the building.    In a second count it was charged that they stole and carried away $4600, the property of the Hudson State Bank.    In a third count they were charged with having made an assault upon one Max Rice with a pistol loaded with powder and bullets, and that they willfully, deliberately and with malice aforethought discharged said pistol upon

said Max Rice and inflicted upon him a dangerous wound with the intent to kill said Rice. Upon demand therefor the appellant was awarded a separate trial and was found guilty upon the first and second counts of the information and sentenced. This appeal is taken to reverse the judgment and sentence.

Five assignments of error are made but only three are urged as grounds for a reversal. The first of these is that the court erred in refusing to permit the appellant to introduce in evidence a certified transcript of the testimony given by one Matt McFadden at the preliminary examination in the case. The evidence on the trial was principally circumstantial as to who were the perpetrators of the crimes. McFadden was produced as a witness for the state and testified he saw the appellant with three other men at Stafford, Kan., on the evening before the burglary was committed, and on the same day had seen McKenzie, who was jointly charged with appellant, at Stafford. As one means of identification, McFadden testified to the color of a suit of clothes and a hat worn by Berger at the time he saw him. To discredit and break the force of McFadden's testimony, the appellant offered in evidence a transcript of the evidence given by McFadden at the preliminary examination. Notes of the evidence were taken by the stenographer of the district court of Stafford county and had been transcribed by him, and he testified that the transcript was correct. The appellant claimed that there were material variations, which would be shown by such transcript, from the evidence given on the trial by McFadden. The court refused permission to read the transcript. Ordinarily it may be said that such evidence should be admitted. But in this case the only question is whether the refusal constituted material prejudice to the rights of the appellant.

On the cross-examination of McFadden in court, the appellant's counsel examined the witness with refer-

31—87 KAN.

ence to his testimony at the preliminary examination, and in so doing would ask the witness if he was not asked the following question and if he did not make the following answer thereto—evidently reading the question and answer from the transcript—and the witness would say he did not remember answering the question in that way, or would admit or deny or make other explanation in regard thereto. From this method of examining the witness, the witness practically testified that he was asked the questions as repeated, and his answers thereto at the examination were fairly placed before the jury by the reading thereof in connection with the then answer of the witness thereto; and the jury were enabled to compare and to determine any variance between the testimony of the witness at the preliminary examination and the testimony given by him on the trial even better than they could have done by having the transcript of the evidence at the preliminary examination read consecutively. While, as said, ordinarily such transcript of evidence on a former hearing is allowed to be introduced in evidence, for the purpose claimed, we think in this case no prejudice resulted to the appellant in the refusal to permit it to be read, or rather re-read.

Again, it is contended that the court erred in refusing to give the jury instruction No. 17 asked by the defendant. It reads:

"One defense in this case is what is known as an alibi, that is, that the defendant was not present at the time and place of the commission of the offense charged in the information, if any such offense has been committed, but that he was at that time in another and different place. As to this defense, you are instructed that it is not necessary for defendant to prove an alibi to your satisfaction, beyond a reasonable doubt, nor by a preponderance of the evidence, but if, after a fair and full consideration of all the facts and circumstances in evidence, you entertain a reasonable doubt as to whether or not the defendant was present at the time and place of the commission of the

offense charged in the information, if such offense has been committed by anyone, it will be your duty to give the defendant the benefit of such doubt and acquit him."

The circumstantial evidence in this case tends to show that the appellant and others were lurking in the county and together got into a box car on the evening before the commission of the crimes, and that they conspired together for the commission thereof. The instruction asked, No. 17, implies that even if this be all true, if the appellant was not personally present at the time and place of the commission of the offense he should not be held guilty of the crime or crimes. We do not think this is a correct statement of the law. Instruction No. 26, given by the court, embodies all that the defendant was entitled to in requested instruction No. 17, and is a correct statement of the law. It reads:

"One of the defenses claimed in this case is what is known in law as an alibi; that is, that the defendant was not present at the time of the commission of the offense charged in the first and second counts of the information, and had no personal participation therein. This is a good defense ordinarily, for if the defendant was absent from the scene of the perpetration of the crime and has nothing whatever to do with it, this fact of itself would be a perfect defense; but the State alleges a conspiracy upon the part of the defendants who were jointly charged to do the crime of burglary and larceny, as charged in the first and second counts of the information, and if it has been made to appear from the evidence in this case, beyond a reasonable doubt, that the defendants Walter Berger and Chas. McKenzie, or Walter Berger, Chas. McKenzie and others, had entered into an agreement or conspiracy, the object of which was to enter the bank building described in the information and steal, take and carry away the contents of the safe therein, and that the said defendant and Chas. McKenzie, or the said defendant and Chas. McKenzie, with others or some one or more of those participating in the conspiracy, did actually enter the said bank by breaking into the building, and while therein did open the safe therein situated with

nitroglycerine, dynamite or some other explosive, and did take, steal and carry away the property of said bank, as charged in the first and second counts of the information, then I instruct you that it would make no difference whether the defendant was personally present or not, for each one of those participating in the agreement or conspiracy would be just as guilty of the commission of the crime as if they were personally present and participating in everything that was done to accomplish its purpose."

The appellant criticizes instruction No. 26, given, on the ground, among others, that conspiracy is an independent crime and is not charged against the appellant in this case, and therefore the court had no right to instruct with reference to it.

Misprision of treason, defined in section 2490 of the General Statutes of 1909, appears to be the only bare conspiracy denounced as crime. Section 2771 makes the unlawful assembly of conspirators, or in case of the lawful assembly and agreement to do an unlawful act, the making of any movement or preparation for the commission of the crime, an essential ingredient of the crime charged. However this may be, the latter offense is only a misdemeanor and the conspiracy may be considered as involved in any felony to which it leads and which is committed, and this without being especially charged. An assault is involved in almost every felonious injury committed upon the person of another and, being only a misdemeanor and a part of the greater crime, is involved in the charge of the greater crime without being separately charged. The criticism is not well taken. (*Goins v. The State*, 46 Ohio St. 457; 2 Encyc. of Ev. 407.)

Instruction No. 26 is criticized also on the ground that there was no evidence to justify any reference to a conspiracy. The appellant makes no abstract of the evidence, practically, except of the evidence of Matt McFadden, and of the court stenographer in relation thereto. The state informally in its brief, instead of

by a counter abstract, sets forth abundant evidence to justify the court in what is said in the instruction in regard to conspiracy.

The contention of the appellant is that he could not be found guilty of the crime or crimes unless he was personally present at the commission thereof, and also that there is no evidence of his presence. Practically the same contentions were made in the case of *The State v. Johnson*, 40 Kan. 266, 19 Pac. 749, and the third paragraph of the syllabus refutes the contentions. It reads:

"Where there is testimony tending to sustain the defense of an *alibi*, interposed by one of the defendants, it is proper for the court to instruct the jury as to the law of such defense; but where the defendant is prosecuted with others upon the theory that all conspired together to commit the crime, and there is testimony supporting it, a direction to the jury that if they found that one of the defendants was not actually present when the crime was committed they should acquit him, was properly refused."

We have examined all the assignments of error made by the appellant and find that no substantial error was committed in the trial of the case, and the judgment is affirmed.