No. 22,131.

AMANDA OHLSON, *Appellee,* v. THE CENTRAL KANSAS POWER COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Death from Electric Shock — Improper Remarks of Counsel—Not Reversible Error.* In the closing argument of plaintiff's counsel, in a damage suit against a public-service corporation, counsel improperly remarked that it was a matter of common knowledge that such corporations carried liability insurance to protect them from loss through such suits. An objection to this remark was sustained by the court, and it was also withdrawn by the attorney who had committed the impropriety. No specific instruction to the jury to disregard the improper remark was requested or given. *Held,* that, since the whole record shows that the judgment was in accord with substantial justice, the trial court's denial of a new trial on account of this incident does not constitute reversible error.

2. TRIAL—*Conduct of Jury in Jury Room—Evidence of Jurors.* The rule followed that, while a juror may testify as to what transpires in the jury room, he cannot tell what considerations induced him to agree to the verdict, nor give his reasons therefor.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed July 5, 1919. Affirmed.

*C. W. Burch, B. I. Litowich,* and *LaRue Royce,* all of Salina, for the appellant.

*A. H. Miller,* and *Z. C. Millikin,* both of Salina, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:   The plaintiff recovered judgment against the defendant for the death of her son, a lad of sixteen, who was killed by an electric shock while turning on the light of an ordinary incandescent lamp suspended from the ceiling of a workshop.

The defendant was the owner of the power plant which furnished the electrical current to the workshop.   The voltage on the defendant's high-tension wires was 6,600.   This voltage was reduced to 110 at the premises by the use of a transformer, near which was a ground circuit wire to arrest or absorb the high current in case the transformer got out of order.   The ground circuit wiring was defectively constructed, and the transformer having been wrecked by lightning, the boy received the full current in his body, and soon died.

The only error complained of in this appeal relates to an improper remark of counsel for plaintiff in his closing address to the jury.   It had been argued by counsel for defendant that the power company was a small concern and unable to pay a heavy judgment.   In his closing remarks, counsel for plaintiff said "that counsel for defendant knew that any judgment rendered in the cause would not have to be paid by the defendant —that it was a well-known fact that such companies usually had accident insurance."   Counsel for defendant excepted (objected) to this remark, and plaintiff's counsel then stated that he withdrew this remark.   Defendant's version of the incident is somewhat different.   Its counsel say it transpired thus:

Plaintiff's counsel in argument:   "It is a matter of common knowledge that all concerns like the defendant carry liability insurance to protect it from loss occasioned on account of the operation of its plant."

Defendant's counsel:   "We object to such argument as being improper and prejudicial."

Plaintiff's counsel:   "If objection is made, I withdraw the remark."

Defendant's counsel:   "Such argument is improper."

The court:   "Yes, proceed."

This closed the incident.   The court was not requested to ad-

monish the jury to disregard the objectionable remark, and no such instruction concerning it was given.

On the motion for a new trial, an affidavit of one of the jurors was presented. It recited that the remark of plaintiff's counsel concerning the defendant's indemnity insurance was discussed in the jury room; that affiant first voted for defendant; and that he "would not have joined in a verdict for plaintiff in the sum of $5,000 had I not believed the defendant carried indemnity insurance."

A juror may testify as to what transpires in a jury room (*Barber v. Emery,* 101 Kan. 314, 318, 319, 167 Pac. 1044), but he may not tell what considerations constrained him to his decision, nor give the reasons for his verdict. In short, he cannot be heard to confess his own recreancy in order to impeach his own verdict. (*Perry v. Bailey,* 12 Kan. 539; *Brice-Nash v. Salt Co.,* 83 Kan. 447, 111 Pac. 462; *Madison v. Railway Co.,* 88 Kan. 784, 129 Pac. 1157.)

(See, also, *The State v. Keehn,* 85 Kan. 765, 118 Pac. 851; *The State v. Dreiling,* 95 Kan. 241, 244, 245, 147 Pac. 1108; *The State v. Johnson,* 99 Kan. 850, 163 Pac. 462.)

Another juror testified that the matter of the defendant having accident or liability insurance was mentioned in the jury room but that "it was stated that we [the jury] should not take that into consideration. It was generally understood that they could n't use it."

Omitting all incompetent evidence as to what the jury or individual jurors did and did not consider in arriving at their verdict, the fact that the matter was mentioned in the jury room does not necessarily constitute prejudicial error. (*Hamilton v. Railway Co.,* 95 Kan. 353, syl. ¶ 6, 148 Pac. 648; *Cox v. Chase,* 99 Kan. 740, 748, syl. ¶ 11, 163 Pac. 184.)

It will be observed that the court sustained the only objection made to the objectionable remarks of counsel. In this respect, the present case is unlike *Huckell v. McCoy,* 38 Kan. 53, 15 Pac. 870, which was decided before the revision of the code. No specific instruction covering the matter was requested. Moreover, the remark was withdrawn. The trial court was in a much better position than this court to say whether the improper remark of counsel was prejudicial, withdrawn as it was, ruled out as it was; and since the whole record does not raise any doubt as to the justice of the net result, the improper

remark of counsel cannot be said to have been of such gravity in this case as to constitute reversible error. (*Smith v. Cement Co.,* 86 Kan. 287, 120 Pac. 349.)

In *Swift v. Platte,* 68 Kan. 1, 72 Pac. 271, on rehearing, 68 id. p. 11, it was said:

"It is true that the fact that packing houses such as that of Swift & Company are protected by indemnifying companies from damage suits was made prominent, but that is too much a matter of common knowledge to be regarded as prejudicial."

The judgment is affirmed.