No. 25,494.

THE STATE OF KANSAS, *Appellee*, v. FRANK NICHOLS, *Appellant*.

SYLLABUS BY THE COURT.

1. GRAND LARCENY—*Automobile Casings—Information—Description of Stolen Property Sufficiently Definite*. An information for larceny is not subject to a motion to quash for indefiniteness of description where the stolen goods are thus described: "certain personal property belonging to one H. H. Corley, to wit: nine automobile casings, namely Swift, Gates, Fisk and other makes, the same being of the value of more than twenty dollars."

2. SAME—*Omission to Give Instructions Concerning Alibi and Good Character When not Requested*. It is not ordinarily error in a criminal case to omit to give an instruction concerning an alibi, or one concerning evidence of the defendant's good character, where no such instruction is requested. The rule may be different in exceptional circumstances, as where the defendant's evidence is wholly or largely directed to one of those subjects.

3. SAME—*Burden of Abstracting Evidence*. The appellant may not cast upon the appellee the burden of abstracting all the evidence to be presented to the court by a mere statement that the evidence did not support the verdict.

4. ——— Various rulings are held not to warrant a reversal.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed February 7, 1925. Affirmed.

*John P. Evans*, of Coolidge, and *Ed Rooney*, of Topeka, for the appellant.

*Charles B. Griffith*, attorney-general, and *Ray H. Calihan*, county attorney, for the appellee; *Horace J. Foster*, of Garden City, of counsel.

The opinion of the court was delivered by

MASON, J.: Frank Nichols was convicted of stealing nine automobile casings, and appeals.

Eighteen assignments of error are made, one of which has been withdrawn, and four others of which, not being referred to in the brief, are regarded as abandoned.

1. The stolen property was thus described in the information: "certain personal property belonging to one H. H. Corley, to wit: nine (9) automobile casings, namely Swift, Gates, Fisk and other makes, the same being of the value of more than twenty dollars." The jury found the casings to be worth $148.50. The defendant urges that the information should have been quashed, an objection to the introduction of evidence under it sustained, and judgment arrested, because of inadequacy of this description, and says in support of this contention: "It did not state if new or old, front or rear, or how many Swift, Gates, etc.  .  .  .  No attempt was made to describe them by any sort of serial number whatever, by wrappers, or names or numbers on or off wrappers, or that they were new, or wrapped or not." Complaint is also made that the information did not show the place from which the casings were taken, more than that the larceny took place in the county, nor whether the crime was committed in the nighttime or daytime.

The statement of value being for the purpose of showing whether grand or petit larceny is charged, the information in that respect was sufficient. The allegation of ownership went far to identify the property for practical purposes. Some of the items suggested by the defendant as essential or desirable are quite beyond the most severe requirements of the earlier practice, and the modern tendency is undoubtedly to be less exacting as to the manner in which the property should be described. Descriptions at least as indefinite as that here involved have been sustained by this court and others. For instance, the overruling of a motion to quash has been affirmed where an information for larceny of several steers described the property merely as "four head of neat cattle." (*The State v. Hoffman*, 53 Kan. 700, 37 Pac. 138.) The report of the case cited does not affirmatively show that the information was attacked by a motion to quash or that no additional descriptive words were used, but these facts appear from the original transcript on file. Other cases of like character may be found in a recent note: (L. R. A. 1915B

71, 76-78.) We hold the indefiniteness of the description not a sufficient ground for reversal.

2. Another complaint is that the court did not instruct "on the defense of an alibi" or on "good moral character as a proper defense." No instruction on either matter was asked, and nothing in the abstract suggests the need of one. In a supplemental brief, however, it is said that the defendant introduced evidence on both subjects. It is ordinarily not error for the court to omit a special charge concerning alibi, unless a request has been made for one. A recent note gathers decisions on this point. (29 A. L. R. 1200-2; see, also, 16 C. J. 976.) The same principle applies with at least as much force in the matter of instructions concerning character evidence. (16 C. J. 980.) If either subject is specifically treated in the charge the statements made must of course be correct. But a jury may be supposed to know without being told that where the commission of a crime depends upon the personal presence of the defendant at a given time and place he cannot be guilty if he were then somewhere else, and that in case of doubt evidence that the defendant bore a good reputation should weigh in his favor. Where the evidence in behalf of the defendant is directed solely or mainly to the establishment of an alibi or of a good character, an obligation to instruct thereon may perhaps arise without a request. But that situation is not presented here, and no error is shown in the omission to instruct on these matters.

3. The defendant asserts that the verdict is not supported by the evidence, which however is not set out in the abstract. There is therefore nothing under this assignment for the court to consider. The abstract does not attempt to give any of the testimony in behalf of the state. It does contain about a page and a half of argumentative matter relating to the instructions, in the course of which it is said that there was not a scintilla of evidence that Corley owned the tires or "that he was other than an agent for same, as he himself testified through and through"; none that they were stolen by the defendant or anyone else; none that they were ever identified or found in the possession of the defendant or anyone else. This is not effective (even if so intended) to cast upon the plaintiff the burden of abstracting such evidence as is relied upon to sustain the verdict. Rule number 5 of this court provides: "A party need not include in his abstract all the evidence in order to support a claim on his part that it does not show or tend to show a certain fact, but

may present such questions by inserting in his abstract a statement that no evidence was introduced tending to show the fact, and if the adverse party desire to controvert this he shall abstract so much of the evidence as he relies upon to support his contention in this regard." But the appellant cannot "by substantially a blanket charge of a want of support, unload the burden of abstracting the evidence upon his opponent." (*Bank v. Price,* 79 Kan. 283, 286, 98 Pac. 222.) We have, however, examined the transcript, and find the evidence not open to this or other attacks upon it.

4. The defendant complains that he was not arraigned. The journal entry of judgment recites that he was, and there is nothing in the record to show the contrary.

A witness for the state died before the trial. His testimony given at a former trial was admitted in evidence, and the defendant complains of this. The practice was regular and constitutional. (*The State v. Nelson,* 68 Kan. 566, 75 Pac. 505.)

Complaint is made of the admission of evidence not pleaded, referring apparently to matters that might have been included in the description of the stolen property. This is disposed of by our holding that the information was sufficient against the motion to quash. Evidence is objected to because of containing contradictions and as the appellant says, perjury. Upon such matters the decision of the jury and trial court is conclusive. The rejection of evidence is complained of, but the matter objected to is not specified, nor is it shown in the abstract.

The jury was told that in order to convict it was necessary for the state to prove that the defendant stole the casings "on or about the 24th day of May, 1923"—the date named in the information. The state's evidence tended to show the theft was committed on May 18, although one witness fixed the time of some of the occurrences relied upon as May 24. The defendant says the insertion of the words "or about" in the instruction took away his defense of alibi. The transcript shows evidence in behalf of the defendant tending to show his presence elsewhere on the 24th, but not on the 18th. In this situation the complaint is not well founded.

The defendant complains because the verdict was returned in the absence of his attorney, although he himself was present in court. His motion that the verdict be not received, accepted, filed or recorded was overruled. In support of the action of the trial court it may doubtless be assumed that good reason existed for the verdict

having been received in the absence of the defendant's attorney, but in any event no prejudice is shown, since the court directed the polling of the jury and each member stated that the verdict was his and that he was satisfied with it.

The judgment is affirmed.