No. 26,115.

THE STATE OF KANSAS, *Appellee*, v. EVERETT McMANAMAN, *Appellant.*

SYLLABUS BY THE COURT.

1. LARCENY—*Evidence—Competency.* There was no reversible error in the admission of the evidence of which complaint is made.

2. SAME—*Evidence—Sufficiency.* There was evidence sufficient to sustain the verdict of guilty of larceny of cattle as charged in the second count of the information.

3. CRIMINAL LAW — *Instructions — Necessity of Request as to Alibi.* Where there is evidence which tends to show that the defendant was not at the place where the larceny of cattle was committed and there is evidence which tends to prove that two other persons were connected with the defendant in the larceny of the cattle, it is not error to fail to instruct the jury concerning the law of alibi where no such instruction is requested.

4. SAME—*New Trial—Newly Discovered Evidence.* It is not error to deny a motion for a new trial asked on the grounds of newly discovered evidence where the name of the witness whose evidence is asserted to have been newly discovered was indorsed on the information and was present as a witness for the state during a part of the trial, but who did not testify.

Criminal Law, 16 C. J. pp. 1058 n. 32, 1187 n. 53, 1238 n. 81; 17 C. J. p. 317 n. 10; 14 R. C. L. 797; 20 R. C. L. 237. Larceny, 36 C. J. p. 899 n. 34.

5. SAME—*Verdict—Impeachment by Juror*. A juror, for the purpose of impeaching his verdict, will not be permitted to testify that he agreed to a verdict of guilty believing that the defendant would not have to go to the penitentiary and that the judge of the district court would parole him.

Appeal from Morton district court; CHARLES E. VANCE, judge. Opinion filed March 6, 1926. Affirmed.

*G. L. Light*, of Liberal, and *Ross Risley*, of Guymon, Okla., for the appellant.

*Charles B. Griffith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *Oscar F. Perkins*, county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of the larceny of cattle.

1. The defendant claims that "the court erred in the admission of evidence." A witness identified plaintiff's exhibit 10, which was offered in evidence and was as follows:

"KANSAS CITY, Mo., 11-28-1923.

"By direction of W. E. Humble, Long Perry has deposited $821.50."

We quote from the defendant's abstract as follows:

"Plaintiff's exhibit '11' identified by the witness, being a check on the First National Bank of Elkhart, Kan., signed by W. E. Humble, which the defendant requested payment of. This check was made payable to Harold Buckner for $410 and signed by W. E. Humble, dated the 12-3-23 and 11-30-23. The check was endorsed by Buckner. The signature on the back of the check, 'Harold Buckner,' was not the signature that he used in signing his checks."

There was other evidence which tended to show that W. E. Humble, Harold Buckner, and the defendant were connected with the larceny of the cattle. The evidence complained of may not have been very material or relevant, but it does not appear to have been in any way prejudicial to the defendant. His complaint of that evidence cannot be sustained.

2. The defendant urges that "the verdict is contrary to the evidence." There was evidence which tended to prove that the cattle were stolen in Colorado and driven to the railroad in Morton county, Kansas, for shipment, where they were loaded and thence shipped to Kansas City in the name of W. E. Humble, where they were sold by the Long Perry Commission Company and the proceeds of the sale disposed of as indicated by the evidence outlined in the subject discussed in division No. 1 of this opinion. There was evidence which tended to prove that the defendant assisted in loading the

cattle and that he received a part of the proceeds arising from the sale of the cattle. That evidence, if established to the satisfaction of the jury, beyond a reasonable doubt, warranted a verdict of guilty.

3. The defendant introduced evidence which tended to prove that he was not at the place where the cattle were stolen or shipped at the time those things were done. No instruction concerning an alibi was given. None was requested. As heretofore stated, there was evidence which tended to prove that two persons other than the defendant were connected with the larceny of the cattle. The court instructed the jury that the defendant could be convicted if he, either alone or with the assistance of others, did steal, take and carry away the cattle described in the second count of the information, the count on which he was convicted. The defendant cites *State v. Conway*, 55 Kan. 323, 40 Pac. 661, where the court said:

"Where there is testimony that the accused was so far removed from the place of the crime at the time of its commission as to make it impossible that he could have committed it, the court should instruct the jury upon the law of alibi." (Syl. ¶ 1.)

That case cites *State v. Johnson*, 40 Kan. 266, 19 Pac. 749, where the following rule was declared:

"Where there is testimony tending to sustain the defense of an alibi, interposed by one of the defendants, it is proper for the court to instruct the jury as to the law of such defense; but where the defendant is prosecuted with others upon the theory that all conspired together to commit the crime, and there is testimony supporting it, a direction to the jury that if they found that one of the defendants was not actually present when the crime was committed they should acquit him, was properly refused." (Syl. ¶ 3. See, also, *State v. Berger*, 87 Kan. 479, 485, 124 Pac. 400.)

The simple declaration of the law concerning an alibi would not have been applicable to the evidence introduced in this case. The principle declared in *State v. Nichols*, 117 Kan. 630, 232 Pac. 1058, applies. There the court said:

"Another complaint is that the court did not instruct 'on the defense of an alibi' or on 'good moral character as a proper defense.' No instruction on either matter was asked, and nothing in the abstract suggests the need of one. In a supplemental brief, however, it is said that the defendant introduced evidence on both subjects. It is ordinarily not error for the court to omit a special charge concerning alibi, unless a request has been made for one." (p. 632.)

4. It is argued that the court committed error in overruling the motion for a new trial. That motion alleged newly discovered evi-

State v. McManaman.

dence. The newly discovered evidence was that of a witness whose name had been indorsed on the information as a witness for the state, who had been present during a part of the trial, and who had been excused by the state without testifying. The defendant, in an affidavit, stated he did not know that this witness had any knowledge that would be material in the case and no means of ascertaining that fact until after the trial had been concluded. The defendant states that the evidence which the witness would have given was that the witness was present while the cattle were being loaded, that he could not have identified the defendant as one of those who assisted in loading the cattle, and that in his opinion the defendant was not one of those persons. The affidavit does not show that any effort was made to ascertain what this witness knew. The defendant knew, or should have known, that the name of the witness was indorsed on the information and that he was present in the court room to testify. These facts refute diligence on the part of the defendant in ascertaining such evidence in his behalf as would give him a new trial, by its discovery after the conclusion of the trial.

5. The defendant urges that he should have been granted a new trial on account of misconduct of the jury. He attempted to prove by separate affidavits of two of the jurors that they "agreed to this kind of a verdict, believing that the defendant would not have to go to the penitentiary, and that the judge of the district court of Morton county, Kansas, would parole the defendant; that it was discussed by the jury, and that inasmuch as the case had been in court and tried once before, and was costing the county so much, this affiant thought this would be the best way out, and it would stop the prosecution and save the county money; that if this affiant had known that the court could not parole the defendant, he would not have agreed to a verdict of 'guilty' on either count of said information." Jurors cannot be permitted to testify to such facts for the purpose of impeaching their verdict. In *Ohlson v. Power Co.,* 105 Kan. 252, 254, 182 Pac. 393, the court said:

"A juror may testify as to what transpires in a jury room (*Barber v. Emery,* 101 Kan. 314, 318, 319, 167 Pac. 1044), but he may not tell what considerations constrained him to his decision, nor give the reasons for his verdict. In short, he cannot be heard to confess his own recreancy in order to impeach his own verdict. (*Perry v. Bailey,* 12 Kan. 539; *Brice-Nash v. Salt Co.,* 83 Kan. 447, 111 Pac. 462; *Madison v. Railway Co.,* 88 Kan. 784, 129 Pac. 1157.)"

The judgment is affirmed.