No. 25,488.

WILLIAM FIDLER et al., *Appellants*, v. H. C. SHORT et al., *Appellees*.

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Abstract of Record—Omissions—Court Order to Send Up Record.* The petition, duly abstracted, disclosed an action for damages resulting from conspiracy. The verdict was for defendants. By omitting from their abstract testimony favorable to defendants pertaining to the issue of conspiracy, and the instructions given the jury, plaintiffs presented to this court a case for damages, based not on conspiracy, but on two statutes. The omitted testimony, which warranted the jury in finding there was no conspiracy, was supplied in a counter abstract, but defendants did not abstract the instructions. Exercising its authority (R. S. 60-3313), the court ordered the instructions to be sent up. They disclosed that the court instructed the jury that, unless conspiracy were established, the verdict should be for defendants. No cause of action based on the statutes referred to was submitted to the jury, and plaintiffs made no complaint of the instructions. On the record, completed in the manner stated, it is held the appeal is groundless.

Appeal from Leavenworth district court: JAMES H. WENDORFF, judge. Opinion filed March 7, 1925. Affirmed.

*A. A. Graham,* of Topeka, for the appellants.

*James B. Kelsey,* of Leavenworth, and *Floyd E. Harper,* of New York, N. Y., for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from conspiracy to injure plaintiffs. The verdict and judgment were for defendants, and plaintiffs appeal.

The trouble grew out of the fact that a highway on the east side of Fidler's farm was not opened for travel when the highway was located in 1907. Fidler owned the east half of the southwest quarter of section 17, in Stranger township, Leavenworth county. The southeast quarter of the section was owned by Marshall when the road was laid out, and at the times material to this controversy by Allenbrandt. The road was 40 feet wide, 20 feet on each side of the line between the two quarter sections. Years ago the owners planted hedge fences 30 feet apart in the vicinity of the dividing line, and the space between the hedges was used for a road. About the year 1919, Fidler sought, first to have the road put in better condition for travel, and then to have the road formally opened for travel. Opening the road would necessitate removal of one of the hedges. The road record was found to be ambiguous, and the exact location of the line at the center of the road was uncertain. A survey was made, which so located the road that to open it would require removal of Fidler's hedge. Acting on the survey, Allenbrandt obstructed the road between the hedges. Fidler testified an offer was made to him that if he would pay Allenbrands $150, the road would be left as it had been. The offer was declined, and the authorities closed the existing road. The board of county commissioners brought suit to enjoin Fidler from interfering with opening the road, and subsequently, in an attempt to open the road, a portion of Fidler's hedge fence was cut down. Fidler then brought suit to enjoin further destruction of his hedge. Both injunction suits were decided in Fidler's favor. The survey was wrong, Fidler was right about the location of the road, and the west line of the road was east of his hedge. In May, 1922, Fidler procured judgment in an action of mandamus that the road be opened according to its true location.

In November, 1922, this action was commenced to recover $1,-234.87 actual damages and $12,000 punitive damages from twelve defendants—the three members of the board of county commissioners, the county engineer and his deputy, the county attorney, the trustee and road overseer of Stranger township, Allenbrandt, and three laborers who cut plaintiffs' hedge. At the trial, commission of the physical acts of which plaintiffs complained was not disputed, and the amounts claimed as items of damages were not disputed. One statute provides for treble damages for cutting down trees, another statute provides for civil damages sustained on account of obstruction of a highway, and plaintiffs framed their abstract of the record to present two assignments of error: that the verdict was contrary to the evidence relating to the subject of damages, and that the verdict was contrary to the statutory law referred to. Fidler's testimony in chief was abstracted, but his cross-examination was not abstracted, none of the testimony for defendants was abstracted, and the instructions given the jury were not abstracted. The gravamen of the action disclosed by the petition, which was duly abstracted, was a gigantic conspiracy of the defendants to harass and annoy the plaintiffs, to extort money from them, and to injure them in their property interests. In their original brief plaintiffs made no reference whatever to the subject of conspiracy, and because this method of abstracting and briefing was employed, the case presented to the jury was not disclosed to this court. Defendants abstracted Fidler's cross-examination, and abstracted the testimony of witnesses produced by defendants, but did not abstract the instructions. No complaint of the instructions was made in plaintiffs' motion for new trial, and the brief for defendants called attention to the fact that plaintiffs concurred with the district court concerning the law applicable to the case as given to the jury in the instructions. In their reply brief plaintiffs say the instructions are not before this court, and it is not material what instructions were given the jury. The brief for defendants also called attention to the fact that plaintiffs presented a case of collusion and conspiracy to the district court, and present a different case to this court. Plaintiffs' reply brief merely says, "Well, what of it?"

Conceiving that explanation of the verdict might be found in the instructions, this court exercised its statutory authority (R. S. 60-3313), and directed the clerk of the district court to send up the

instructions.   The instructions made no reference to any cause of
action for damages based on the statutes relating to cutting trees
and obstructing roads.   The law of collusion and conspiracy was
fully stated, and the jury were told that, if plaintiffs failed to prove
by a preponderance of the evidence that a conspiracy actually ex-
isted between two or more of defendants, the verdict should be for
defendants.   As indicated, plaintiffs made no complaint of the in-
structions in the district court, make no complaint of them here, and
the instructions became and are the law of the case.   The evidence
which plaintiffs did not abstract warranted the jury in finding there
was no collusion or conspiracy between defendants or any of them,
and so far as the merits of the case are concerned, the appeal is
groundless.

Misconduct of a juror was charged as a ground for new trial.
To support the charge, plaintiffs offered in evidence two affidavits.
The juror was called as a witness, was examined orally, and gave
testimony which fully acquitted himself of misconduct.   The question
raised was one of fact.   The district court believed the juror, and
the finding against misconduct implied by the order denying a new
trial is conclusive here.

The judgment of the district court is affirmed.