No. 29,020.

THE STATE OF KANSAS, *Appellee*, v. ANDY KEARNEY, *Appellant.*

(287 Pac. 261.)

Opinion filed May 3, 1930.

*Keene Saxon* and *W. E. Atchison,* both of Topeka, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *J. Glenn Logan,* county attorney, and *Lester W. Goodell,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was convicted on seven counts of being a persistent violator of the intoxicating-liquor law of this state, and appeals.

■ He argues that there was error committed by the court in not granting to the defendant a new trial on account of the misconduct of the jury in receiving information in the jury room outside of that introduced on the witness stand. The information complained of was shown by the testimony of one of the jurors. He testified that in the jury room another juror who had been voting for acquittal voted for conviction and, in explanation of his change of attitude, stated his son had told him something which influenced him to vote for conviction. The juror whose conduct was thus attacked, when placed on the witness stand by the state, denied making the statement attributed to him. That presented an issue of fact for determination by the court, which found against the contention of the defendant. That finding is conclusive. (*Barber v. Emery,* 101 Kan. 314, 167 Pac. 1044; *Fidler v. Short,* 118 Kan. 37, 40, 233 Pac. 1022; 46 C. J. 373.)

■ The defendant argues that the motion for a new trial should have been granted because of misconduct of the jury in that one of the jurors thought he was agreeing to a verdict of guilty on one count only instead of seven counts. When questioned in the court room after the verdict had been read, concerning whether it was the verdict of the jury, that juror failed to make any response. A juror after agreeing to a verdict cannot be permitted to say that he did not agree to it. (*State v. Johnson,* 99 Kan. 850, 163 Pac. 462; *State v. Kagi,* 105 Kan. 536, 185 Pac. 62; *State v. O'Keefe,* 125 Kan. 142, 263 Pac. 1052.)

■ Defendant argues that the motion for a new trial should have been granted on the ground that one of the jurors was coerced into agreeing to a verdict of guilty on seven counts. The juror testified that he was ill, that the tobacco smoke of the jury room made him sick, and that he agreed to a verdict in order to get out

of the jury room. The juror did not make known to the court the fact that he was ill. He was privileged to do so. If he chose to remain in the jury room and deliberate concerning the verdict the defendant has no cause for complaint.

The judgment is affirmed.