No. 29,343.

THE·STATE OF KANSAS, *Appellee,* v. H. N. CASEBIER, *Appellant.*

(288 Pac. 736.)

Opinion filed June 7, 1930.

*Edward T. Riling,* of Lawrence, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *J. F. Swoyer* and *Ben Pickering,* county attorneys, and *Ed Rooney,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendant was convicted of statutory rape upon Dorothy Ewings, committed when she was about thirteen and

one-half years old. The information contained seven counts charging that number of criminal acts, and the jury found him guilty on two of the charges. The sentence imposed was confinement at hard labor in the state penitentiary for a term of from one to twenty-one years on the first count, and the same penalty was adjudged on the second count, the sentences to run consecutively and not concurrently. The defendant appeals, and his principal contentions are that the verdict is contrary to the evidence and that a new trial should have been granted upon that and other grounds, including misconduct of the jury.

An extended discussion of the evidence is made in regard to the sufficiency of the evidence. The contention is not so much that there is a lack of evidence tending to support the verdict, but rather that it is so unusual, unnatural and unreasonable as to be beyond belief. The evidence has been carefully considered and we have no hesitancy in holding that the finding of guilt is abundantly supported. It is not necessary nor would we be warranted in recounting in detail the repulsive story of the defilement of the little girl as revealed by the testimony in the record. No good reason is seen why the jury should have discredited the evidence upon which its verdict was based, nor why the court that approved the verdict and pronounced the sentence should have granted a new trial for lack of supporting evidence.

Misconduct of the jury is assigned by defendant as a ground of error. The taking of testimony, it appears, occupied the most of two days, and the case was submitted to the jury on the evening of the second day. The jury had the case under consideration for a few hours on that evening, and not having arrived at a verdict they were duly admonished and allowed to separate until the following morning, when deliberation was resumed, and a verdict was reached and returned the evening of that day. The claim of the defendant is that there were communications between outsiders and members of the jury while they were deliberating upon their verdict. The jury room was in the second story of the courthouse and the most that can be claimed in support of the charge was that the wife of a juror on the ground near the jury room saw her husband near a window of the jury room and asked him how long he would be in there and offered to throw him a sandwich. He told her not to do it and motioned her to go away. All of the jurors were brought into

court and each testified that during their deliberations no one communicated with them as to the case under consideration or anything pertaining to it. Whether there was undue interference by outsiders or misconduct of members of the jury in this respect was a matter for the determination of the court, a question of fact, and when its decision is based on conflicting evidence it should not be reversed. (*State v. Brooks*, 74 Kan. 175, 85 Pac. 1013; *State v. Stewart*, 85 Kan. 404, 116 Pac. 489.) On examining the evidence we find nothing in the record which warrants the inference that there was misconduct of the jury or anything showing a reasonable ground for the complaint of defendant.

On the motion for a new trial the affidavit of Elmer Kunze, a member of the jury, contained statements as to a matter which influenced him to join his fellow members in finding the defendant to be guilty. The substance of his affidavit was that in the early deliberations of the jury he voted "not guilty" and continued to so vote until near the time that the jury arrived at a verdict, and he added that although he still believed that the testimony did not show guilt he joined in the verdict that was returned. The reason given by him as to his final agreement was that he and his brother had purchased a bunch of cattle which was to be delivered to them in Oklahoma about four days after September 11, 1929, the day the verdict was returned, and that it was necessary for him to start to Oklahoma on that day in order to reach the place of delivery on September 15, 1929. He further stated that if he had failed to be at the place of delivery at the time mentioned, he would have sustained a loss of $800, and to avoid this loss he said he joined the others in rendering the verdict. His explanation, if it is to be believed, is not creditable to him. To have united in a verdict for such a reason would have been a violation of his oath as a juror and a violation of law. Whatever were the real facts in the case and whatever his motive may have been, the verdict cannot be impeached by a juror upon evidence as to the considerations which actuated him in agreeing to a verdict of guilty. It has been said that—

"It is a general rule founded on sound public policy that jurors are not permitted to impeach a verdict to which they have deliberately agreed under the sanction of an oath. There would be little virtue or finality in verdicts if they could be impeached and overthrown by the evidence of dissatisfied or unduly influenced jurors. It has been said: 'It would result in perjury and

bribery and there would be no end of litigation in cases tried before juries.'" (*State v. Busemen,* 124 Kan. 496, 499, 260 Pac. 641.)

In *Ohlson v. Power Co.,* 105 Kan. 252, 182 Pac. 393, it was said:

"A juror may testify as to what transpires in a jury room (citing cases), but he may not tell what considerations constrained him nor give the reasons for his verdict. In short, he cannot be heard to confess his own recreancy in order to impeach his own verdict." (p. 254.)

In the late case of *State v. O'Keefe,* 125 Kan. 142, 145, 263 Pac. 1052, affidavits had been offered which attempted to show what caused some of the jurors to agree to a verdict of guilty. It was said:

"On this point, the affidavits were not proper to be considered by the court, and perhaps were not considered. It is well settled that a juror cannot be heard to impeach his verdict by saying that he agreed to it upon consideration of matters other than the evidence and the instructions of the court." (Citing many cases. See, also, *State v. Kearney,* 130 Kan. 474, 287 Pac. 261.)

No error was committed in denying the motion for a new trial because of what was stated in the affidavit of juror Kunze.

The failure of the court to make a specific declaration that he approved the verdict is assigned as error. It seems to be seriously argued that as the court did not in set terms say that the verdict was approved when the motion for a new trial was overruled or when the sentence was pronounced, the judgment should be reversed. It appears that the verdict was returned on September 11, 1929. On that day a motion for a new trial assigning ten different grounds therefor was filed, one of which was that the verdict should be set aside. That motion was heard on October 4, 1929, and overruled. Upon the request of defendant sentence was deferred until October 8, 1929, when, as the journal entry recites, the defendant was present and "is asked by the court whether he has anything to say why the judgment of the court should not be pronounced upon him at this time. No legal reason or sufficient cause being alleged or shown by said defendant, H. N. Casebier, no sufficient cause appears to the court why judgment should not now be pronounced upon him by the court. It is therefore in open court considered, ordered and adjudged by the court herein that said defendant, H. N. Casebier, is guilty of the crime of statutory rape upon the person of one Dorothy Ewings, a female child under the age of eighteen years," as charged in two counts of the information described at some length followed by the imposing of the penalties already men-

tioned. When the court overruled the motion for a new trial, which asked the court to set aside the verdict, the defendant was fairly well informed that the court was satisfied with the verdict rendered; and when the court came to sentence the defendant, upon asking him whether he had anything to say why judgment should not be pronounced, he was unable to state any sufficient cause why it should not be pronounced, and this was followed by the declaration that the court considered and adjudged the defendant to be guilty of the crime of statutory rape, there was a manifest approval of the verdict. No intelligent person could have had a misconception as to the approval of the verdict by the court. It would be difficult to indicate a concurrence in the finding of the jury more clearly than was evidenced by the court in the present case.

Some objections are also made to rulings on the admission of evidence and to instructions given, but an examination of these indicate clearly enough that the objections are not well founded and further that they do not warrant special comment. No material error appearing in the record, the judgment is affirmed.