No. 32,087

THE STATE OF KANSAS, *Appellee*, v. EMMETT ODELL, *Appellant*.

(41 P. 2d 1008)

Opinion filed March 9, 1935.

*Hubert Lardner* and *Daniel O. Lardner,* both of Fort Scott, for the appellant.

*Ronald Boynton,* attorney-general, and *Frank O'Brien,* county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant was convicted of burglary and larceny and appeals, assigning as error misconduct of the jury and of the county attorney.

On presentation of his motion for a new trial, defendant showed by one Button, who was a witness against him, that Button was an inmate of the reformatory at Hutchinson, but was confined in the county jail at Fort Scott pending defendant's trial. It appears that the room in which the jury deliberated was about forty feet east, across an alley, and about fifteen feet higher than the portion of the jail where the witness was confined. While the jury was deliberating, one or perhaps two jurors stood at a window and one called across to Button: "I see you are still here." Button replied "yes," and a further question was asked as to when he would be taken back. Nothing further was said. Button stated he did not know any of the jurors and did not know who spoke to him. No juror was called to testify. The court denied the motion for a new trial.

Appellant contends that the above constitutes prejudicial error. In support of his contention, he relies on *Madden v. The State,* 1 Kan. 340, where it was held that where opportunity for improper influences prejudicial to the accused is afforded, if the verdict is against him the presumption is the irregularity was prejudicial to him, and it is incumbent on the state to show lack of injury by reason thereof. In that case an outsider was permitted to hold communications with the jury, the jury was allowed to separate, one of

the jurors was seen communicating with a person at a hotel, and the bailiff kept outsiders informed as to how the jury stood. Other cases in which the Madden case is cited are also called to our attention. The trial court may not have believed Button's statement, but assuming it did, how was appellant prejudiced? Had there been any conflict in the evidence, it would have been a question of fact for determination by the trial court. Giving to Button's testimony every inference that could be drawn therefrom that would be favorable to appellant, wherein can it be said he was prejudiced? Our independent examination of the record convinces us that the ruling of the trial court was correct. (See *State v. Casebier,* 130 Kan. 762, 764, 288 Pac. 736.)

The contention as to the county attorney is that in argument he likened the defendant's reputation to that of two persons whom he named. It does not appear the statement was taken by the court reporter or that any affidavits were filed. The trial court heard the argument and also what was said on motion for a new trial and concluded there was no error. Nothing before us warrants any different conclusion.

With respect to both contentions it may be said if there was any error it was technical, and on appeal this court must give judgment without regard thereto. (R. S. 62-1718.)

The judgment is affirmed.