No. 21,084.

THE STATE OF KANSAS, *Appellee,* v. JOSEPH JOHNSON,
*Appellant.*

#### SYLLABUS BY THE COURT.

1. CRIMINAL TRIAL—*Contradicting Verdict—Affidavit of Jurors Inadmissible.* The affidavits of jurors in a criminal case are not receivable in evidence to show that they intended to bring in a verdict finding the defendant guilty of an offense less serious than that specified in the verdict which was returned.

2. SAME—*Assault with Intent to Maim—Sufficient Verdict.* A verdict of guilty returned under section 38 of the crimes act (Gen. Stat. 1909, § 2526), which refers in proper manner to that section and to the information, and is otherwise sufficient, is not invalid because the words "on purpose and of malice aforethought" were not inserted, or because no degree of crime was stated.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed February 10, 1917. Affirmed.

*William Keith,* and *Monroe Wright,* both of Wichita, for the appellant.

*S. M. Brewster,* attorney-general, *Ross McCormick, Glenn Porter,* and *H. C. Castor,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of assault with intent to maim, in violation of section 38 of the crimes act (Gen. Stat. 1909, § 2526), and appeals.

The court submitted to the jury four forms of verdict under the section referred to, which reads as follows:

"Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by confinement and hard labor for a term not exceeding ten years."

The forms of verdict covered assault with intent to kill, assault with intent to maim, shooting with intent to kill, and

shooting with intent to maim.    The verdict returned reads as
follows:

"We, the jury empaneled and sworn in the above entitled case, do upon
our oath find the defendant, Joseph Johnson, guilty of assault with
intent to maim W. A. Bettis, in violation of section 2526 of the General
Statutes of Kansas, 1909, as charged and set forth in the information."

The instructions were that section 38 requires the acts
charged to be committed on purpose and of malice afore-
thought, and in all other respects the instructions were unim-
peachable.    The forms of verdict relating to shooting with
intent to kill and shooting with intent to maim contained the
words, "on purpose and of malice aforethought."    The forms
relating to assault did not.    It is said the court erred in sub-
mitting to the jury the forms of verdict relating to assault, and
in rendering judgment on the verdict which was returned.

The evidence is not abstracted, and it is not claimed that
section 38 does not, should the evidence warrant, authorize
verdicts for assault with intent to kill and assault with intent
to maim.    The claim is that submission of the forms of ver-
dict relating to assault with intent to kill and assault with in-
tent to maim, created a misapprehension in the minds of the
jury.    The affidavits of some of the jurors were presented
when the motion for a new trial was heard, to the effect that
they intended to bring in a verdict finding the defendant
guilty of an offense less serious than that specified in the ver-
dict returned.    The affidavits, which were couched in care-
fully used legal terms, were not receivable, because they flatly
contradicted the verdict which was returned.    Aside from the
affidavits, no confusion or misapprehension on the part of the
jury is discoverable, and under the very simple and clear but
ample instructions of the court there was no cause for con-
fusion or misapprehension.    When the affidavits were offered,
it was frankly stated that they were offered to show that the
verdict returned was not the verdict of the jury.    The conten-
tion now seems to be that, in the light of the affidavits, the
court made some mistake in interpreting the verdict, or in
entering judgment on the verdict.    The affidavits add nothing
to and take nothing from the verdict, and it is to be interpreted
precisely as if the affidavits had not been filed.

It is said that the verdict is bad because it does not contain

the words "on purpose and of malice aforethought," and consequently does not show an offense under the statute. It is not necessary that a verdict of guilty under section 38 of the crimes act specify all the elements of the crime detailed in the information. The reference to that section (Gen. Stat. 1909, § 2526) and to the information, considered in connection with the remainder of the verdict, makes the verdict perfectly definite and certain.

It is said the verdict is insufficient in that it does not specify the degree of the crime of which the defendant was found guilty. There are no degrees of the crime made punishable by section 38.

Complaint is made of an instruction relating to evidence of the defendant's previous good character. The court regards the instruction as sufficient.

The judgment of the district court is affirmed.