No. 21,357.

THE STATE OF KANSAS, *Appellee*, v. J. L. SCHROEDER, *Appellant*.

### SYLLABUS BY THE COURT.

1. ATTEMPTED HOMICIDE—*Excluded Evidence—Not Presented on Motion for New Trial—Not Reviewable.* Objections to the exclusion of testimony cannot be considered on review where the offered testimony is not brought to the attention of the trial court on the motion for a new trial as the code requires.

2. SAME—*Remarks of Court—Not in Record.* Criticisms by the trial court of things said by counsel in his opening statement to the jury are not available as error where the statements are not preserved in the record.

3. SAME—*Law of Self-defense.* The general rule is that the right of self-defense does not imply the right of attack, and one who is the aggressor and who provokes or brings on an affray in which he kills or inflicts bodily harm to his adversary, or who produces the occasion which makes it necessary for him to commit homicide or inflict the injury, cannot justify his act on the plea of self-defense.

4. SAME—*No Prejudicial Error in Instructions.* Challenged instructions on the subject of self-defense examined, and held not to be prejudicially erroneous.

5. SAME—*Verdict—No Degree of Offense Stated—No Error.*  Verdict based on sections 38 and 42 of the crimes act is held not to be invalid because no degrees of the offense committed were specified in it.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge.  Opinion filed December 7,. 1918.  Affirmed.

*Henry Lampl, Thomas C. Wilson, Jean Madalene,* and *Chas. B. Hudson,* all of Wichita, for the appellant.

*S. M. Brewster,* attorney-general, *Ross McCormick,* county attorney, *Thomas E. Elcock,* and *H. C. Castor,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   J. L. Schroeder was prosecuted for assault with intent to kill, and from a judgment which fixed the punishment at six months imprisonment he appeals.

He assigns a number of errors upon rulings excluding testimony, but as the proposed testimony was not presented to the court by affidavit in the motion for new trial, as the code requires, the errors are not available.   (Crim. Code, § 210; Civ. Code, § 307; *Scott v. King,* 96 Kan. 561, 152 Pac. 653; *The State v. Wellman,* 102 Kan. 503, 170 Pac. 1052.)

Complaint is made of a remark of the court to the effect that counsel in his opening statement had referred to certain matters not connected with, and which could not be brought into, the case.   The statement of the court, whatever it was, is not preserved in the record, and the objection is therefore not open for our consideration.

An instruction to which exception is taken relates to the doctrine of self-defense, and was to the effect that if the defendant did not provoke, invite or begin the affray with the Roeders, with whom he had trouble, and had acted on a well-grounded fear that he was in imminent danger of being killed by them or of receiving great bodily harm from them, the jury might consider defendant's plea for self-defense, and if they found that he acted in self-defense they might acquit him. The court further told the jury in the same instruction that:

"Mere words or threats do not justify an assault or an attack; and if you find that prior to the shooting charged in the information, Ed Roeder

or Charlie Roeder or John Roeder had made threats that they would kill or injure the defendant, and if you further find that after learning of such threats the defendant procured a rifle and left Wulf's store and went out into the street in front of the store and commenced the affray or invited it and that the affray occurred as a result of such invitation, then you are instructed that the defendant cannot excuse or defend himself on the ground that the Roeders had made such threats.

One who provokes, invites or begins an affray cannot set up the plea of self-defense."

The instruction is a fair statement of the law applicable to the case. It is said that defendant had the right to talk over or compose previous difficulties that had arisen between him and the Roeders, and as an interview might bring on an attack from them, he had the right to arm himself without forfeiting the right of self-defense, and *Parker v. State,* (Tex. Crim. Rep.) 196 S. W. 537, is cited. It appears that the defendant advanced upon the Roeders as a belligerent, and not as a peacemaker. His attitude was hostile from the time he left the store until his attack upon the Roeders. There had been a clash between him and one of the Roeders a few days before, and some testimony was offered of prior threats made by the Roeders against the defendant, but fear of threatened injury at some future time did not justify the bringing on of the conflict and the shooting. (*The State v. Rose,* 30 Kan. 501, 1 Pac. 817.) It appears that on this occasion the defendant saw the Roeders across the street from his store at a garage, and with knowledge of the antagonism and threats, instead of seeking to avoid trouble, he deliberately procured a rifle and crossed the street, began an attack on 'the Roeders, shooting one who was running from him and clubbing another. The testimony offered by the defendant shows that he was not seeking to avoid danger or to do everything in his power to avert the necessity of shooting, as was his duty under the law. The rule of retreat or of standing his ground against an assailant is not in the case, because, while there may have been threats and danger of an attack by the Roeders at some time in the future, they did not attack him at this time, and if there was a danger it was voluntarily brought upon himself by his own misconduct. Instead of shunning a combat, he was in fact the aggressor. Self-defense is a defensive act, and not an offensive one, and one who brings on a conflict is not acting defensively, but

is acting unlawfully, and he cannot escape the consequences of his wrong upon the plea of self-defense or apparent danger. The court rightly held that the plea of self-defense is not open to one who is the aggressor and who unlawfully provokes a conflict in which he shoots another. (*The State v. Rogers,* 18 Kan. 78; 13 R. C. L. §§ 128-136; Note, 45 L. R. A. 687.)

Whether the defendant began the affray, or whether he did what he could to avoid threatened injury, was left to the jury by the instructions; the court told them, in effect, that the plea of self-defense was available if he did not provoke, invite, or begin the affray, or if after doing so he in good faith declined to further struggle, and so informed the other parties to the conflict, and thereafter acted and shot on a well-grounded fear that he was in immediate danger of death or of great bodily harm from the Roeders.

There are criticisms of other instructions, but we find nothing substantial in them.

Objection is made that the verdict did not specify the degrees of the offense committed. The information appears to have been drawn under section 38 of the crimes act (Gen. Stat. 1915, § 3399), and the conviction was under section 42 of that act (Gen. Stat. 1915, § 3403). The offense charged under section 38 includes the offense defined in section 42, and there are no degrees of the offense to be specified. (*The State v. Ryno,* 68 Kan. 348, 74 Pac. 1114; *The State v. Ireland,* 72 Kan. 265, 83 Pac. 1036; *The State v. Johnson,* 99 Kan. 850, 163 Pac. 462.)

No prejudicial errors having been committed, the judgment is affirmed.