State v. Messmer.

---

No. 27,422.

THE STATE OF KANSAS, *Appellee,* v. GEORGE MESSMER, *Appellant.*

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Unlawful Possession—Prior Purchase for Medicine as Defense.* Under a charge of having possession of intoxicating liquor, it was not error to exclude evidence offered by the defendant to prove that a number of years previously he had procured the intoxicating liquor to be used as medicine for his wife.

2. SAME—*Unlawful Possession—Competency of Evidence.* Under such a charge as is mentioned in the first paragraph of this syllabus, it was not prejudicial error to admit evidence which tended to prove that at the time the liquor was found the defendant was under the influence of intoxicating liquor, and bottles similar to the ones which contained the intoxicating liquor were found along the highway near the defendant's farm; nor was it prejudicial error for the county attorney to establish on cross-examination what was said to him by the defendant immediately after the latter's arrest.

3. SAME—*Unlawful Possession—Sufficiency of Evidence.* It is held that the evidence abstracted, which has been examined, was sufficient to prove the charge of having possession of intoxicating liquor.

4. SAME—*Unlawful Possession—Instructions.* There was nothing prejudicial to the defendant in the instructions of which complaint is made.

5. CRIMINAL LAW—*Trial—Misconduct of Counsel—Necessity of Objection.* Misconduct of counsel in argument to the jury is not available as ground for the reversal of a judgment where no objection was made to the argument and no request was made for a ruling thereon or for an instruction to the jury concerning it.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed March 12, 1927. Affirmed.

*William Keith,* of Wichita, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Paul Wunsch,* county attorney, and *H. E. Walter,* of Kingman, for the appellee.

Criminal Law, 17 C. J. p. 62 n. 94; 46 L. R. A. 642; L. R. A. 1918D, 41; 2 R. C. L. 438. Intoxicating Liquors, 33 C. J. pp. 760 n. 25, 761 n. 53, 790 n. 35, 801 n. 8.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction of having intoxicating liquor in his possession.

1. It is argued that there was "error of the court in refusing to admit competent evidence offered by defendant on objection of plaintiff." The evidence which the defendant desired to introduce was that of a physician who, if he had been permitted, would have testified that in 1914 and in 1920 he treated Mrs. Messmer, the wife of the defendant, for acute heart trouble, and then administered whisky to her for that trouble. The evidence, if admitted, would not have been any justification of the possession of the intoxicating liquor in 1926, the time when intoxicating liquor was found on the premises belonging to the defendant. That evidence would not have tended to prove that the liquor found belonged to Mrs. Messmer and not to the defendant. It was not error to reject the evidence.

2. It is argued that "the court erred in admitting incompetent evidence offered by plaintiff over defendant's objection." The evidence admitted of which complaint is made tended to prove that a number of bottles, similar to the ones found containing intoxicating liquor, were found along the highway near the appellant's farm where he lived. Other evidence tended to prove that at the time the liquor was found, the defendant was perceptibly under the influence of intoxicating liquor. On cross-examination of the defendant by the county attorney, the latter sought to have the defendant testify to conversations had between him and the county attorney shortly after the defendant was arrested. There was nothing prejudicially erroneous to the defendant in the evidence that was admitted, and it was not prejudicial error for the county attorney on cross-examination to establish the conversation that occurred between him and the defendant shortly after the arrest of the latter.

3. The defendant contends that the court committed error "in overruling defendant's demurrer to plaintiff's evidence and his motion for discharge, at the close of the state's case." This goes to the sufficiency of the evidence to sustain a conviction. Under a warrant, the sheriff and two deputies searched the premises occupied by the defendant and his wife. Two bottles of whisky were found in a cupboard in the house. The defendant was under the influence of intoxicating liquor. When the liquor was found, he stated to the

officers that it had been procured by him in 1914 for his wife to be used by her as a medicine. There was evidence which tended to prove that the liquor had been made long since 1914. The evidence was sufficient to sustain a conviction under the charge against the defendant of his having liquor in his possession.

4. Complaint is made of the following instructions:

"In this connection you are further instructed that the law expressly states that it is unlawful for a person to have the possession of intoxicating liquors for personal use or otherwise, and you are instructed that if you find and believe from the evidence that the defendant had the possession of intoxicating liquors not for his own personal use, but for the use of his wife on account of her ailments; even although such intoxicating liquors belonged to his wife, then I say to you that the jury would be warranted in finding the defendant guilty, if otherwise guilty, as herein instructed.

"15. Under the law of this state no person other than druggists or registered pharacists has the lawful right to the possession of intoxicating liquors even although such liquors are deemed necessary for use by himself, his wife, or other members of his family on account of sickness or physical disability.

"16. Under the laws of this state it is provided that any person who counsels, aids or abets another in the commission of any offense may be charged, tried and convicted in the same manner as if he were a principal in the commission of such an offense."

It does not appear that anything in these instructions prejudiced any substantial right of the defendant. There was no reversible error in giving any of them.

5. The defendant argues that counsel for the plaintiff, in his argument to the jury, was guilty of such misconduct as compels a reversal of the judgment. The abstract prepared by the defendant does not show that any objection was made to the argument of counsel for the plaintiff, nor that any request was made of the court to rule thereon or to instruct the jury to disregard it.

In *State v. Nusbaum,* 52 Kan. 52, 34 Pac. 407, the court said:

"Where the language used by counsel in argument is deemed prejudicial, the attention of the court should be challenged by a proper objection, and a ruling had thereon by the trial court; and generally, when this is not done, no review of the question can be had." (See, also, *State v. McCool,* 34 Kan. 617, 9 Pac. 745; *St. L., Ft. S. & W. Rld. Co. v. Irwin,* 37 Kan. 701, 16 Pac. 146; *State v. Patterson,* 52 Kan. 335, 357, 34 Pac. 784; *State v. Sorter,* 52 Kan. 531, 538, 34 Pac. 1036; and *Kansas City v. McDonald,* 60 Kan. 481, 57 Pac. 123.)

It is argued that the court committed error "in overruling defendant's motion for a new trial herein, and in rendering judgment against and passing sentence on the defendant as shown in the

journal entry of judgment herein." All of the questions urged by the defendant in support of this proposition have been disposed of in the discussion of the other questions presented, and it is not necessary to discuss them further.

The judgment is affirmed.