No. 30,281.

THE STATE OF KANSAS, *Appellee,* v. FRANK BURKS (et al.), *Appellant.*

(7 P. 2d 36.)

Opinion filed January 30, 1932.

*Charles B. Hudson,* of Wichita, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, and *George L. Adams,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Frank Burks was prosecuted and convicted of violations of the gambling laws of Kansas, and appeals.

Burks with several others were jointly charged with the commission of offenses in an information containing five counts. A severance and separate trial was asked for and obtained by Burks. He was found guilty upon the first, fourth and fifth counts, and the

penalties assigned were that he serve five years in the penitentiary on each count, the sentences to run concurrently. Defendant assigns as error the overruling of a motion to quash the information, but if such a motion was filed it is not disclosed in the record presented nor does the record show any ruling of the court upon such a motion. It is therefore not a subject for review in this appeal.

There is another complaint that the defendant was tried upon a substituted information instead of the original one, which it appears had been lost. There had been several trials under the information of codefendants, and in some way the original information was lost. The county attorney presented a copy of the information which purported to be a true copy of the lost document and the court manifestly has found that the substituted one is a true copy of the original information. No attempt was made at the trial by the defendant, who was a witness in his own behalf, to show that it was not a true copy of the information, nor is any claim now made that the substituted one was not an accurate copy of the original information.

The criminal code provides that:

"In case of the loss or destruction of an information, the prosecuting attorney may file, in court, another information, and the prosecution shall proceed, and the trial be had, without any delay from that cause." (R. S. 62-1019.)

The error, if any, in the trial under what must be deemed to be a true copy of the information was a technical one, and the court is admonished that on an appeal judgment must be given without any regard to technical error or defects which do not affect the substantial rights of the parties. (R. S. 62-1718.)

There was an objection to the admission of evidence relating to admissions defendant made when he was a witness in the former trial of a codefendant. That testimony was taken and written by the official stenographer. In the trial of defendant the stenographer was called as a witness and, referring to his notes, testified as to the admission and statements made by the defendant on the questions involved in the former trial. The defendant objected to the admission of the evidence, whatever it was. It was not preserved and is not presented in his abstract of the record. Aside from his objection he moved to strike it out, insisting that it violated his constitutional rights by making him a witness against himself. Any pertinent admission or statement made by the defendant, in court or out of it, was admissible in evidence. The fact that it was given under oath

in a former prosecution did not weaken its force nor infringe on the defendant's constitutional rights. Ordinarily all that a defendant has said pertinent to the subject of inquiry may be received in evidence against him. In *State v. Inman,* 70 Kan. 894, 79 Pac. 162, it was said:

"The contention that the admission in evidence of statements made out of court by a party on trial are incompetent, on the theory that they tend to make him a witness against himself, is without substance. Voluntary statements of an accused person have always been received in evidence against him. Section 10 of the bill of rights is not violated by the admission of such testimony."

See, also, *State v. Finch,* 71 Kan. 793, 81 Pac. 494; *State v. Campbell,* 73 Kan. 688, 85 Pac. 784. There is nothing in the record to show that his evidence was compulsory or was even given under an objection that it was self-incriminating.

Finding no error in the record, the judgment is affirmed.