No. 38,490

THE STATE OF KANSAS, *Appellant,* v. ANNA MAE SMITH, *Appellee.*

(237 P. 2d 888)

Opinion filed November 10, 1951.

*Willis K. Dillenberger,* assistant county attorney, argued the cause, and *Oren Gray,* county attorney, *Harold R. Fatzer,* attorney general, and *C. H. Hughes,* assistant attorney general, were with him on the briefs for the appellant.

*Dan R. Aul,* of Chetopa, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal by the state from an order sustaining a defendant's motion to quash the information in a criminal prosecution.

We are told and, since the record discloses the defendant was so advised when arraigned and required to plead to the informa-

tion, shall proceed upon the premise the prosecution was instituted under the provisions of G. S. 1949, 21-407, providing:

"The killing of a human being without a design to effect death, by the act, procurement or culpable negligence of another, while such other is engaged in the perpetration or attempt to perpetrate any crime or misdemeanor, not amounting to a felony, in cases when such killing would be murder at the common law, shall be deemed manslaughter in the first degree."

Omitting formal allegations of no consequence the information to which the defendant was required to plead reads:

" . . . that on or about the 27th day of December A. D., 1950 in the County of Labette, State of Kansas, the above named defendant, Anna Mae Smith, there being, did then and there wilfully, unlawfully, feloniously and with culpable negligence, and while in the commission of a misdemeanor, to-wit: abandoning and neglecting her minor children, to-wit: Marian Jeannette Rogers, age 3 years, and Otha Lee Bryant, age 14 months, did then and there leave said minor children unattended in their home at 713 South 23rd Street, in the City of Parsons, in said county and state, and that the said defendant did then and there leaving said minor children in the said home unattended without any provision for food or heat in said home, and the defendant well knowing the danger to said children by reason of fire and that by reason the said culpable and wanton negligence of the defendant aforesaid, the said Marian Jeannette Rogers and Otha Lee Bryant were killed by suffocation caused by fire which started in said home during the abandonment and neglect of the defendant aforesaid, and this the said defendant, Anna Mae Smith, did contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Kansas."

More than a month and a half after arraignment and the entry of her plea of not guilty the defendant, without objection on the part of the state, filed a motion to quash the information on grounds (1) that it was indefinite and uncertain with regard to the person and offense charged and (2) that it failed to clearly set forth in plain and concise language the offense charged. Thereafter, on May 1, 1951, the trial court sustained such motion to quash. The scope of its action in that respect is evidenced by a journal entry of record, approved by the attorneys for the respective parties, which reads:

"Thereupon, the court being full advised in the premises, finds that the Motion to Quash the Information filed herein should be sustained insofar as the offense charged. The Court further finds that the Plaintiff should be given five days in which to file an amended information herein.

"It Is, THEREFORE, BY THE COURT CONSIDERED, ORDERED AND ADJUDGED, that the motion of the defendant to Quash the Information filed herein, be and the same is hereby sustained, insofar as the offense charged, and that the Plaintiff be, and is hereby, given five days in which to file an amended in-

formation herein, and that the bond of defendant filed herein shall continue to remain in full force and effect."

On the 8th day following the rendition of the foregoing decision the state, as authorized by G. S. 1949, 62-1703 (first), perfected an appeal from the trial court's ruling and now seeks a reversal of its action in sustaining such motion under a specification of error charging that the trial court erred in sustaining the motion to quash the information.

At the outset it should be pointed out our code of criminal procedure contains requirements pertaining to an information, the first pleading on the part of the state in a criminal action, which must be observed and that failure to comply therewith makes such a pleading subject to a motion to quash.

Respecting its form and content G. S. 1949, 62-1004, states:

"The indictment or information must contain . . . second, a statement of facts constituting the offense, in plain and concise language, without repetition."

Regarding its sufficiency G. S. 1949, 62-1010, provides:

"The indictment or information is sufficient if it appears therefrom.

. . . . . . . . . . . . . . .

"Fourth. That the offense charged is clearly set forth, in plain and concise language, without repetition."

It should also be kept in mind that by reason of the sections of the statute just quoted and our decisions interpreting them (see West's Kansas Digest, Indictment and Information, § 71) the rule that a defendant is entitled to be fairly informed as to just what he is charged with and will be required to meet and defend under the allegations of an information is established law in this jurisdiction.

Furthermore, it must be remembered that on appeal this court is commanded by statute (see G. S. 1949, 62-1718) to affirm judgments rendered in criminal cases without regard to technical errors, defects or exceptions which do not affect the substantial rights of the parties. This, we may add, is a requirement which must be complied with regardless whether the defendant or the state is appealing from the order or judgment complained of.

The gist of all contentions advanced by the appellant in support of its position is founded upon the premise the trial court erred in sustaining the motion to quash because its ruling was based upon the ground it did not have jurisdiction of the offense charged in the information for the reason the misdemeanor set out therein was a misdemeanor triable only in juvenile court. In fact appellant

asserts the trial court so stated. It may be, as appellant contends, that was the basis for the trial court's decision. But if so its statement to that effect, whatever it was, was not preserved and does not appear in the record. In such a situation we cannot reach out and pass upon this asserted claim of error for, under all our decisions, it cannot be reviewed or considered on appeal.

See, e. g., *State v. Burks*, 134 Kan. 607, 7 P. 2d 36, where it is held:

"A ruling on a motion to quash an information not preserved in the record is not open to review on appeal." (Syl. ¶ 2.)

See, also, *State v. Ryan*, 141 Kan. 549, 42 P. 2d 591, which holds:

". . . (d) Gratuitous statements of counsel for defendant, appearing in their brief and not supported by the record, cannot be considered and form no basis on which error may be established." (Syl. ¶ 1.)

For other decisions to the same effect see *State v. Boyle*, 10 Kan. 113; *State v. Shenkle*, 36 Kan. 43, 44, 12 Pac. 309; *State v. Schroeder*, 103 Kan. 770, 771, 176 Pac. 659; *State v. Lintner*, 141 Kan. 505, 41 P. 2d 1036; *State v. Townsend*, 150 Kan. 496, 497, 95 P. 2d 328; *State v. Carr*, 151 Kan. 36, 46, 98 P. 2d 393; *State v. Lammon*, 153 Kan. 822, 824, 113 P. 2d 1052 and *State v. Miller*, 165 Kan. 228, 194 P. 2d 498.

Decisions, both criminal and civil, adhering to the same rule but pointing out that on appeal this court cannot determine the terms of a judgment on controverted or unsupported claims but must assume the journal entry, signed by the judge of the court below and approved by the attorneys for the respective parties, correctly reflects the judgment rendered, notwithstanding a claim such judgment was based on some ground other than that specified in the journal entry, are to be found in our reports. See *State v. Coover*, 165 Kan. 179, 181, 193 P. 2d 209, and *In re Estate of Demoret*, 169 Kan. 171, 180, 218 P. 2d 225.

Thus, when the motion to quash and the journal entry sustaining it are carefully read and considered, it becomes apparent the only question remaining for decision in this case is whether the trial court erred in concluding the information was indefinite and uncertain with regard to, and failed to clearly set forth in plain and concise language, the offense charged. Touching this point the appellant merely assumes the challenged pleading is definite and certain and makes no attempt, either by argument or decisions, to establish that the statement of facts constituting the offense therein

attempted to be charged is clearly set forth in plain and concise language.

Long ago, in *The State v. Durein*, 70 Kan. 1, 78 Pac. 152, this court committed itself to the rule that in a criminal appeal the record of the proceedings in the trial court will not be interpreted to show error if it be susceptible of a reasonable interpretation to the contrary.

For all we know the trial court after giving consideration to the motion to quash may have concluded the wording of the information was such that the defendant was not fairly informed as to whether she was being charged with the crime of manslaughter in the first degree under the provisions of G. S. 1949, 21-407, the crime of manslaughter in the fourth degree under the provisions of G. S. 1949, 21-420, or for that matter the offense of neglect of her minor children under the provisions of G. S. 1949, 38-416. If so, in the exercise of sound discretion, it had the right to require the appellant to amend its information by making the allegations thereof more definite and certain. This, as the journal entry evidencing its action indicates, is all that the trial court did and appellant has not only made no effort but has failed to establish affirmatively that such action amounted to abuse of discretion or otherwise constituted error. Of a certainty it cannot be said that action affected appellant's substantial rights for, so far as the record discloses, all it would have had to do in order to comply with the terms of the judgment was to amend its information and proceed with the case. The result, upon application of the pertinent rules to which we have heretofore referred, is that the trial court did not commit reversible error in sustaining the motion to quash and its judgment must be affirmed.

It is so ordered.