No. 38,840

STATE OF KANSAS, *Appellee,* v. MARION BONOMO, *Appellant.*

(250 P. 2d 833)

Opinion filed December 6, 1952.

*Raymond H. Carr,* of Mission, argued the cause and *Rolla W. Coleman* and *Stuart D. Mitchelson,* both of Mission, were with him on the briefs for the appellant.

*John Anderson, Jr.,* county attorney, argued the cause and *Harold R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: The defendant was convicted of burglary in the second degree in violation of G. S. 1949, 21-520, and grand larceny in violation of G. S. 1949, 21-533. He appeals.

The burglary was charged to have been committed in the nighttime. The larceny charged was of about $800 in money, four fur coats, one portable radio and some costume jewelry.

The specifications of error are that the verdict was not sustained by the evidence and was contrary to the law of the case; that the trial court erred in overruling the demurrer of defendant to the state's evidence and in overruling the defendant's motion for a directed verdict; the court erred in giving an instruction on aiding and abetting in the commission of the crime charged; that the county attorney's remarks to the jury in his argument were prejudicial and in violation of the statute and that the sentence was excessive under the provisions of G. S. 1949, 21-524.

The first two of these specifications require an examination of the evidence introduced in the record.

The house that was burglarized was the residence of Mrs. Charles Gargotta at 2509 W. 63rd Street, in Johnson County, Kansas. Every-

one connected with the case knows that this street number actually refers to Kansas City, Mo., and the house is not far from the state line. The burglary and larceny were committed not earlier than 8 p. m. and not later than sometime between 10 and 11 p. m. on January 17, 1952. The deputy sheriffs riding in a patrol car in front of the Gargotta house about 10:30 that evening saw defendant step from the curbing into the street in front of their car. There was testimony that they stopped because the driver thought he was going to run over him. The defendant came up to the side of the car and in response to an inquiry stated his name was "Jimmie Bono." He stuck his hands in his pockets and was ordered to take them out. In response to a question he stated he had been "to a girl friend's house." Shortly thereafter a car approached going in the opposite direction and arms reached out, grabbed defendant, dragged him along, and inside the car. The car then left toward the east and Kansas City, Mo., at a high rate of speed.

Later a radio and some jewelry belonging to Mrs. Gargotta were found about ten feet from the curbing, where the appellant was seen to step from the curb in front of the patrolman's car. Defendant was positively identified by both deputy sheriffs as the man who had stepped in front of the car.

Earlier in the evening some unknown person knocked at the front door of the Gargotta home and told the maid he had a special delivery letter for Mrs. Gargotta. When she would not admit him he struck her and broke her glasses. This man was not defendant.

The evidence showed that when the above incident occurred the maid called Mrs. Gargotta, who was absent. Mrs. Gargotta came and got the maid at about 8 o'clock and took her to a friend's house and when she left she locked up the house and left two small lights burning. When the officers accosted the man in front of the Gargotta house it was dark, and it was dark about thirty minutes later when the officers passed it going from the 63rd street police station in Kansas City, Mo., to the sheriff's office located in Mission, Kan. The evidence showed that when Mrs. Gargotta returned at about midnight the dog was in the yard and all the lights were burning in the house, and no one was authorized to be in the house between 8 o'clock and midnight.

Defendant points out this evidence and states the evidence to establish the burglary and larceny was wholly circumstantial. He states that the only facts that can be established which are not

circumstantial would be the evidence of the officers identifying the accosted man and the finding of the radio and costume jewelry on the Gargotta property. Defendant argues that neither of these facts connect the defendant with the crime charged.

The two above facts are really not the only ones tending to prove defendant guilty. There was the fact that defendant stepped off the curb into the path of the oncoming car as though he was expecting a car to come along. It was rather an exclusive residential neighborhood. Defendant was dressed in an overcoat and put his hands in his pockets when he saw the car was driven by officers. He gave a name not his own. He gave an evasive reply when asked where he had been. Then the most damaging item of all—the other car sped up and he was dragged into it and the car sped away. The state proved that the radio and jewelry were missed from the house, and then found about ten feet from where defendant was accosted and about the time of the robbery and that he apparently did not want to be interrogated by the officers. This was sufficient so that it must be said all the surrounding facts and circumstances constituted substantial evidence of defendant's guilt. (See *State v. Murphy*, 145 Kan. 242, 65 P. 2d 342; also *The State v. Brizendine*, 114 Kan. 699, 220 Pac. 174.)

Defendant argues the state must have a circumstantial case so strong as to exclude every reasonable hypothesis except guilt. It is true the jury must be so instructed. The jury, however, is the judge of the reasonableness of the hypothesis. When considering a demurrer to the evidence, as we have here, the question is whether there is substantial evidence to support a reasonable inference of guilt. This evidence met that test.

Defendant asks us to hold as we did in *State v. Ragland*, 170 Kan. 346, 226 P. 2d 251, that the jury based a presumption on a presumption. The proof as to defendant here was made more direct than in the Ragland case. We discern no presumption based on any presumption here.

Defendant next argues the trial court erred in giving the jury an instruction that defendant would be guilty if he counseled, aided and abetted another in the commission of the crime. This instruction was based on G. S. 1949, 62-1016. That section provides as follows:

"Any person who counsels, aids or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were a principal."

The fact that defendant stepped into the path of the patrolman's car and a minute or two later while he was talking to the officers another car drove up and he was dragged into it and it speeded away made instruction on counseling, aiding and abetting proper. ( See *State v. Wolkow*, 110 Kan. 722, 205 Pac. 639; also *State v. Byrd*, 130 Kan. 668, 288 Pac. 551.)

Defendant next argues the county attorney's remarks to the jury during the final argument were prejudicial. During the closing argument the county attorney made a statement as follows:

"In the first place, if you were down there outside the house at 10:30 at night, I think you would have an explanation for it. If the car picked you up and dragged you along, then went over into Kansas City, you would probably have an explanation for that, but there has been no explanation in this case at all."

Defendant argues that this was a violation of G. S. 1949, 62-1420, which forbids any comment upon the fact that either the person on trial or their husband or wife failed to take the stand and testify. This argument of the county attorney was a reference to the fact that the defendant when accosted by the officers told them in reply to an inquiry that he had been at "his girl friend's house." This was a legitimate argument based on defendant's own statement. The fact that he made such an evasive answer was proper to be considered by the jury. Furthermore, this abstract does not disclose that any objection was made to this comment of the county attorney when it was made. No request that the jury be instructed in regard to it was made. In the absence of some objection or some such request we will not reverse a judgment on account of it. ( See *State v. Nusbaum*, 52 Kan. 52, 34 Pac. 407; also *State v. Messmer*, 123 Kan. 201, 254 Pac. 378; also *State v. Vandruff*, 125 Kan. 496, 264 Pac. 1060.)

Defendant next argues that the sentence was excessive under G. S. 1949, 21-524. The information was in two counts, the first for a violation of G. S. 1949, 21-520, and the second for a violation of G. S. 1949, 21-533. The journal entry cited his conviction of these two counts. The journal entry then recited a conviction in federal court of breaking and entering and larceny, also a conviction of robbery in Missouri and that defendant was a habitual criminal, as provided in G. S. 1949, 21-107a.

The sentence was as follows:

"It is, Therefore, by the Court Considered, Ordered and Adjudged that the defendant, Marion Bonomo, be and he is hereby sentenced to confinement and hard labor in the Penitentiary of the State of Kansas as a habitual criminal under

Section 21-107a, G. S. 1949, for the period of fifteen years on the verdict of guilty under Count One of the Information for the crime of burglary in the second degree as provided by Section 21-520, G. S. 1949.

"It is further ordered by the Court that the defendant be and he is hereby sentenced to confinement and hard labor in the Penitentiary of the State of Kansas on the verdict of guilty under Count Two of the Information for the period of fifteen years, under Section 21-107a, G. S. 1949.

"It Is Further Ordered and Adjudged by the Court that the sentence imposed herein on Count Two run consecutively with the sentence imposed on Count One, making a term of not to exceed thirty years as the total term of imprisonment herein."

Defendant cites G. S. 1949, 21-524. It provides:

"If any person in committing burglary shall also commit a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment; and on conviction of such burglary and larceny, shall be punished by confinement and hard labor, in addition to the punishment hereinbefore prescribed for the burglary, not exceeding five years."

Defendant argues that under the above section when a larceny has been committed in connection with a burglary the sentence shall be 5 years confinement and no more.

We have held otherwise in *State v. Fannan*, 167 Kan. 723, 207 P. 2d 1176; also *McCarty v. Hudspeth*, 166 Kan. 476, 201 P. 2d 658.

The judgment of the trial court is affirmed.