No. 45,352

STATE OF KANSAS, *Appellee*, v. VICTOR EARL NEIL, *Appellant*.

(454 P. 2d 136)

Opinion filed May 17, 1969.

*Earl Thomas Reynolds*, of Coffeyville, was on the brief for the appellant.

*Monte K. Heasty*, County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Timothy R. Emert*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: Victor Earl Neil, the defendant herein was convicted by a jury of second degree burglary and larceny and he has appealed.

The story behind this case begins somewhat after midnight in Caney, Kansas, where Officer Williamson lay sleepless in his bed. Startled by a loud crash or banging noise, the officer arose, walked to the window and directed his gaze toward the McClure Implement Company, a half block away. In the gloom he discerned shadowy figures flitting about the McClure building. Keeping a watchful eye through the window as he donned his clothing, Mr.

Williamson observed a moving figure appear and disappear from sight, from time to time, around the periphery of the building. The figure, which was not identifiable at such a distance, finally came to rest in a crouching position near a fence, where its owner appeared to be keeping a lookout.

Mr. Williamson aroused his two brothers, one of whom then accompanied him on a stealthy and cautious approach toward the crouching figure, observing, as they went, the reflection of a light moving about in the building. As the brothers neared the stationary figure, Officer Williamson pulled his revolver and apprehended—of all people—the defendant, Mr. Neil. In the meantime the Williamson brother who had stayed behind to keep vigil from the house had observed a second figure bolt from the implement building and disappear across the highway.

The defendant was held by Mr. Williamson until the Montgomery County undersheriff arrived later that night to transport the miscreant to the county jail. An investigation of the scene disclosed that entrance had been made into the building by means of a broken window pane in the front door and that money had been taken from a cigarette machine and from a coke machine.

Several complaints are made on appeal. First, it is said the verdict is not supported by the evidence and that the defendant's motion for a directed verdict of acquittal should have been sustained. There is no merit in this contention. The undisputed evidence established a burglary, i. e., the building had been forcibly entered and money stolen therefrom. While there was no testimony actually placing the defendant within the building, the evidence was ample to justify an inference that Mr. Neil was a participant in and aided and abetted the commission of both offenses, at least as a lookout. One who watches at a distance to prevent surprise while others commit a crime is deemed in law to be a principal and punishable as such. (12 C. J. S., Burglary, § 29, p. 688; 21 Am. Jur. 2d, Criminal Law, § 122, p. 198.)

It is next urged that the trial court erred in denying the defendant's motion for a continuance. The relevant facts are these: The defendant was arrested on September 18, 1967, and was released on bond the following day. On December 6, 1967, legal counsel was appointed to represent him. On January 3, 1968, the case came on for trial, but the defendant failed to appear. Trial was continued to January 12, 1968, at which time Mr. Neil apparently was present,

and the case was actually brought to trial four days later. On the morning of trial the defendant moved for a continuance to the following term of court to permit him to secure witnesses. This motion was denied.

We glean from defendant's brief that he desired the testimony of a Kenny and a Marty Carter, said to be in Austin, Texas, to the alleged effect that the three of them were riding together late that night when some difficulty arose between them in Caney, resulting in Neil's leaving the car to find a phone to call someone to get him; and in passing the McClure Implement Company, a piece of gravel got into his shoe and he had stopped to remove the same when he was rudely apprehended.

It is familiar law that the grant or refusal of a continuance is a matter resting largely within the discretion of the trial court and its ruling thereon will not be disturbed in the absence of an abuse of discretion. (*State v. Dickson,* 198 Kan. 219, 424 P. 2d 274; *State v. Latham & York,* 190 Kan. 411, 375 P. 2d 788.) There is no showing of abuse here. The defendant had made no prior effort to secure the witnesses' attendance. He filed no praecipe for subpoena nor did he attempt to secure depositions from either of the Carters, even though he had been on bond since shortly after his arrest. The record reflects no showing of diligence on his part, as the law requires. (*State v. Callison,* 119 Kan. 532, 240 Pac. 850; *State v. Caton,* 134 Kan. 128, 4 P. 2d 677.)

The defendant also contends that the court erred in admitting incriminating statements made by him. The inculpatory remarks were first uttered while the defendant was riding in the undersheriff's patrol car on the way to jail, and after the defendant admittedly had been warned of his rights. The remarks were to the effect he (Neil) would not have been in this mess had he not been so far in debt; that he had bought furniture and a car and did not have enough to make his payments. These remarks were later repeated by Mr. Neil to the county attorney after that officer had also explained Neil's rights to him.

We find no worth in this claim of error. The statements given to the undersheriff have all the earmarks of spontaneous utterances and were admissible as such. (See *State v. Law,* 203 Kan. 89, 452 P. 2d 862, and citations therein.) In addition, the defendant had already been advised of his legal rights.

Prior to admitting the testimony respecting Mr. Neil's statements, the trial court held an out of court hearing, at which the defendant testified, as well as witnesses for the state. While there was some slight disagreement as to what occurred at the county attorney's interview with the defendant, the trial court found from all the evidence that Neil's statements were voluntarily given after full warning. The procedure followed was proper and the trial court's finding was supported by substantial competent evidence. (*State v. Seward,* 163 Kan. 136, 181 P. 2d 478, *State v. Kimmel,* 202 Kan. 303, 306, 448 P. 2d 19.)

Although the record does not set out any direct evidence that the offenses were committed in Montgomery County, Kansas, the uncontradicted testimony shows they occurred in the city of Caney, Kansas. Under the provisions of K. S. A. 60-409 the trial court could take judicial notice that Caney is within the territorial boundaries of Montgomery County. Moreover, this court, under the provisions of K. S. A. 60-412, is empowered to take judicial notice thereof in this appeal.

When the state rested its case in chief, the defendant asked for a continuance to the next day before presenting his case. The denial of this request is not shown to have prejudiced the defendant's rights. He had no witnesses under subpoena, nor did he suggest the names of any witnesses who would be present the next morning to testify on his behalf. Moreover, the defendant declined to testify on his own behalf after a consultation with his counsel.

Finally, the defendant asserts that prejudicial error was injected into the case through remarks of the county attorney in final argument to the effect that the defendant had not explained why he was in front of the McClure building. This contention must be rejected for several reasons. First, the closing arguments were not taken at the trial and the state categorically denies that such a statement was ever made. As a consequence, the alleged statement has not been preserved in the record and is not before us for consideration. (*State v. Schroeder,* 103 Kan. 770, 771, 176 Pac. 659; *State v. Smith,* 171 Kan. 722, 725, 237 P. 2d 388.) Second, the record does not disclose that any objection was made to the alleged improper remarks. (*State v. Fadler,* 126 Kan. 664, 271 Pac. 283; *State v. Wyman,* 198 Kan. 666, 426 P. 2d 26.) In the third place, even though the remarks were made, we would be unable to say that they had prejudiced any substantial rights of the defendant.

(*State v. Owen,* 124 Kan. 533, 538, 261 Pac. 600.) A strong web of guilt was woven by the circumstantial evidence, buttressed as it was by statements of the defendant, himself.

No error appears and the judgment below is affirmed.