No. 46,232

VICTOR EARL NEIL, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(483 P. 2d 1117)

Opinion filed April 10, 1971.

*Jack L. Lively,* of Coffeyville, argued the cause and was on the brief for the appellant.

*Richard Medley,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: The petitioner has appealed from an order in a proceeding under the provisions of K. S. A. 60-1507 denying a motion to vacate a judgment and sentence rendered after a conviction of burglary in the second degree and larceny.

Appellant's sole contention is that the prosecuting attorney's remarks to the jury in his closing argument were prejudicial and in violation of K. S. A. 62-1420.

A similar question was raised in the original appeal from the conviction, judgment and sentence. In that case (*State v. Neil,* 203 Kan. 473, 454 P. 2d 136.) we stated at page 476 of the opinion:

"Finally, the defendant asserts that prejudicial error was injected into the case through remarks of the county attorney in final argument to the effect that the defendant had not explained why he was in front of the McClure building. This contention must be rejected for several reasons. First, the closing arguments were not taken at the trial and the state categorically denies that such a statement was ever made. As a consequence, the alleged statement has not been preserved in the record and is not before us for consideration. (*State v. Schroeder,* 103 Kan. 770, 771, 176 Pac. 659; *State v. Smith,* 171 Kan. 722, 725, 237 P. 2d 388.) Second, the record does not disclose that any objection was made to the alleged improper remarks. (*State v. Fadler,* 126 Kan. 664, 271 Pac. 283; *State v. Wyman,* 198 Kan. 666, 426 P. 2d 26.) In the third place, even though the remarks were made, we would be unable to say that they had prejudiced any substantial rights of the defendant. . . ."

After re-examining the record, we are of the same opinion. However, this proceeding is without merit for an additional reason.

This court has adhered to the rule that a proceeding under K. S. A. 60-1507 cannot be used as a vehicle for a second appeal. In *Cox v. State,* 200 Kan. 198, 201, 434 P. 2d 843, it is stated:

". . . Some degree of finality should be achieved so that endless piecemeal litigation will not interfere with the timely dispatch of all the business of the courts. Recognition of the doctrine of abuse of remedy has been given the federal counterpart of our post conviction remedy (*Sanders v. United States,* 373 U. S. 1, 10 L. ed. 2d 148, 83 S. Ct. 1068; see also *Smith v. State,* 195 Kan. 745, 408 P. 2d 647)."

In *Cantrell v. State,* 206 Kan. 323, 478 P. 2d 192, it was held:

"A proceeding pursuant to the provisions of K. S. A. 60-1507 cannot ordinarily be used as a substitute for a second appeal from a conviction." (Syl. ¶ 2.)

The judgment is affirmed.

APPROVED BY THE COURT.