No. 45,593

MARY IRENE NELSON, *Appellant*, v. BENJAMINE E. HARDESTY, *Appellee.*

(468 P. 2d 173)

Opinion filed April 11, 1970.

*B. L. Pringle,* of Topeka, argued the cause and was on the brief for the appellant.

*J. H. Eschmann,* of Ascough, Bausch and Eschmann, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

KAUL, J.: This action arises out of a rear end automobile collision on October 14, 1965, at the intersection of West Tenth Street and Topeka Boulevard in Topeka. Plaintiff, Mary Irene Nelson, was a passenger and riding in the front seat of a vehicle driven by her sister, Donna Baker. Plaintiff brings this appeal from a judgment rendered against her upon an adverse jury verdict.

The Baker vehicle was traveling in a westerly direction on Tenth Street at a speed of twenty to twenty-five miles per hour. As the vehicle approached the intersection, at a distance of about two car lengths, the driver noticed the light turn yellow. Mrs. Baker admitted that she stopped quickly and that her two children, who were riding in the back seat, were thrown on the floor of the

vehicle. Thereafter, the automobile driven by defendant, Benjamine E. Hardesty, collided with the rear of the Baker car.

Hardesty testified that the traffic light was still yellow when the vehicles collided and that moving traffic, both to the left and right of the Baker vehicle, proceeded on through the intersection.

Plaintiff testified that she noticed pain immediately after the accident and was taken to the office of her family physician, Dr. Harry Bowen, where she was examined and given conservative treatment. Dr. Bowen transferred plaintiff to Dr. Harry G. Kroll, an orthopedic surgeon, who examined plaintiff on October 20, 1965, six days after the accident. Dr. Kroll testified that x-rays revealed no evidence of bone injury or significant joint incongruence. He put plaintiff on a program of physical therapy and released her on January 17, 1966. She returned to Dr. Kroll's office on February 21, 1966, and complained of soreness in her lower back. Plaintiff was seen by Dr. Kroll once or twice a month until October 24, 1966. In the meantime she had returned to Dr. Bowen and had also seen Dr. Richard C. Tozer, a neurosurgeon.

The evidence developed that plaintiff had undergone treatment for back and neck pains since 1961. During 1961 and 62 she had been examined and treated by Drs. Bowen, Kroll and Tozer.

Following the accident, and after she had been released by Dr. Kroll, she was referred by Dr. Bowen to Dr. John Lynch, an orthopedic surgeon. Dr. Lynch examined plaintiff on November 16, 1966. He testified plaintiff complained of pain in her back, right shoulder, lower back and right hip, which she related to an automobile accident which occurred on October 14, 1965, a year prior to his examination. She told Dr. Lynch that she had seen Dr. Kroll and Dr. Bowen, but did not, at that time, give the doctor her medical history prior to the accident. Dr. Lynch concluded his testimony with the opinion that plaintiff's problems originated long before the accident and that she would probably have some problems in the future unrelated to any accident.

Neither Dr. Kroll nor Dr. Bowen was able to affirmatively relate, with medical certainty, that plaintiff's complaints were related to the automobile accident.

The record is silent as to when this action was filed. There were two pretrial conferences, one on June 26, 1967, and the other on September 29, 1967. The cause was tried to a jury on October 9, 1967, and a verdict in favor of defendant was returned. After

plaintiff's motion for a new trial was overruled she perfected this appeal.

On appeal plaintiff urges that a new trial should have been granted because the jury was prejudiced by the misconduct of defendant's counsel; that the verdict was influenced by the passion and prejudice of the jury; and that some of the jurors were guilty of misconduct.

In her brief, plaintiff first contends she should be granted a new trial because the jury was prejudiced by two incidents of alleged misconduct by defendant's counsel during his final argument to the jury.

Closing arguments were not recorded. The matter was presented to the trial court on motion for a new trial by the testimony of plaintiff's counsel.

The first incident concerns a statement of defendant's counsel with reference to Dr. Lynch's testimony. In Lynch's testimony it was developed that at the time of his examination of plaintiff he was not informed of her past medical history and in fact did not know of her prior condition until his deposition was taken two or three months before the trial. Plaintiff's counsel, in testifying on this point on the motion for a new trial, said that defendant's counsel told the jury that he believed plaintiff's counsel had told Mrs. Nelson not to give Dr. Lynch her medical history. At this point, according to plaintiff's counsel, he objected and the court sustained the objection. Defendant's counsel, who also testified, gave a somewhat different version of this incident.

The other incident concerns a statement made by defendant's counsel relating to the presence of plaintiff's children during the trial.

The trial court made findings of fact on the evidence submitted at the motion for a new trial in which it described the incidents and ruled as follows:

"I

"Defendant's counsel suggested in his closing argument the possibility that plaintiff might have been advised by her attorney not to inform Dr. Lynch of her past medical history at the time of her examined by Dr. Lynch. Plaintiff's counsel objected. The Court sustained the objection on the ground that the argument assumes facts not in evidence. The Court had previously instructed the jury in Instruction 23 to disregard utterances of counsel that had no basis in fact, and at the close of the final arguments the Court again instructed the jury not to consider in their deliberations in the jury room any statements of counsel which were objected to when said objection was sustained by the Court.

"II

"Defendant's counsel also stated in substance that plaintiff's children had been present during the trial and that this fact should not cause the jury to be swayed by sympathy for the plaintiff. Defendant's counsel further stated that the defendant also had a wife and four children who might be affected by the outcome of the trial and that the jury should not permit sympathy for either party to enter into their deliberations. The Court sustained the objection and instructed the jury to disregard the aforesaid statement of defendant's counsel."

There was evidence that plaintiff failed to give her medical history to Dr. Lynch, but the attempt to infer unethical conduct on the part of plaintiff's counsel in this regard was certainly beyond the bounds of propriety and exceeded the latitude ordinarily permitted in closing arguments. However, the court sustained plaintiff's objection and properly instructed the jury. There is no suggestion here that defendant's counsel pursued the subject after the objection was sustained as occurred in *Walker v. Holiday Lanes,* 196 Kan. 513, 413 P. 2d 63.

The trial court was at the scene and in a much better position than this court to determine whether the verdict was influenced by the alleged misconduct.

We have repeatedly said that it rests in the sound discretion of the trial court to determine from all the circumstances whether misconduct may have influenced the jury. Ordinarily the trial court's conclusion in such matters will not be disturbed unless, under all the circumstances, it is plainly in error.

The rules referred to are stated, and earlier cases reviewed, in *Collins v. City Cab Co.,* 192 Kan. 394, 388 P. 2d 597. To restate here what was thoroughly covered in *Collins* would only be repetitious.

In the instant case the findings quoted indicate the conscientious approach to the question and the careful consideration given by the trial court. We would not be justified in disturbing the order denying the motion for a new trial on either of the asserted incidents of misconduct of counsel.

Plaintiff next complains of misconduct of the jury. This matter was not raised until plaintiff's motion for a new trial. It was described by the court in its findings as follows:

"III

"On the morning of October 12, 1967, at 9:00 a. m. the Court and counsel conferred in chambers on a question of law in the instant case. Several mem-

bers of the jury who were seated in the jury box talked and whispered about the damages to the parties' vehicles with reference to two enlarged photographs, one of the plaintiff's vehicle, the other of the defendant's vehicle. Plaintiff was seated at the counsel table and overheard part of this conversation. The plaintiff did not inform her attorney of said conversation of the jurors when he returned to the courtroom. The plaintiff did so inform her counsel after closing arguments while the jury was in deliberation. The first notice the Court had of the alleged misconduct of the jury was the filing of the motion for new trial after return of the verdict and adjournment of the trial."

The trial court ruled that the asserted conduct on the part of the members of the jury was not such as to show prejudice of plaintiff's substantial rights and, furthermore, was waived by plaintiff's failure to notify the court at the time of the occurrence.

We believe the trial court's ruling to be entirely correct.

When a party or his counsel has knowledge of an act or a statement of a juror or an occurrence in which a juror is involved that might amount to misconduct and fails to bring it to the attention of the court or to request remedial action until after the rendition of a verdict, the failure operates as a waiver of the occurrence or act as a ground for a new trial. (39 Am. Jur., New Trial, § 71, p. 86; 62 A. L. R. 2d, Anno. p. 298, § 7, p. 309.)

The refusal or denial of a motion for a new trial for alleged misconduct of the jury is generally within the discretion of the trial court and, unless it appears that this discretion has been abused, refusal to grant a new trial will not be disturbed. (*Logwood v. Martens,* 183 Kan. 534, 331 P. 2d 553; and *Pulkrabek v. Lampe,* 179 Kan. 204, 293 P. 2d 998, 54 A. L. R. 2d 732.)

A police officer who investigated the accident was permitted to use a blackboard to explain and illustrate his testimony. He drew a rough diagram which the trial court in its findings described as a "reasonably fair and accurate representation of the intersection in question." Plaintiff's objection to the use of the blackboard was overruled. The trial court reconsidered the matter on motion for a new trial and found the use of the blackboard in no way prejudicial to the plaintiff or misleading to the jury. The blackboard diagram was not offered in evidence.

Maps, diagrams or drawings, if shown to be reasonably accurate are used in everyday practice in courts and are acceptable in aiding a jury to visualize objects and scenes relevant to the action. (29 Am. Jur. 2d, Evidence, § 802, p. 886.)

The trial judge saw and heard all that transpired, including

reactions, if any, of the jury and reached the conclusion that the verdict was not the result of passion or prejudice and that plaintiff's rights were not prejudicially affected by anything occurring at the trial.

We have examined all of the points presented on appeal and find no reason to disturb the judgment below.

The judgment is affirmed.