No. 46,911

ELAINE RUSSELL SILER, *Appellant*, v. THE CITY OF KANSAS CITY, KANSAS, a Municipal Corporation, *Appellee*.

(505 P. 2d 765)

Opinion filed January 20, 1973.

*Joseph H. McDowell* and *R. Pete Smith,* of Kansas City, were on the brief for the appellant.

*Edward H. Powers, Sr.,* of Kansas City, was on the brief for the appellee.

*Per Curiam:* The plaintiff landowner has appealed from the judgment entered on the jury's verdict in a condemnation action brought by the City of Kansas City, Kansas.

The award of the court-appointed commissioners was in the amount of $25,650. The verdict was for $25,000. There was evidence that plaintiff's remaining property has been benefited by the street improvement for which her land was taken. Testimony of plaintiff's witnesses as to her damages ranged from $178,000 to $224,000, while that of the city's witnesses ran from $24,000 to $26,500.

The point raised on appeal is that the trial court erred in not sustaining plaintiff's motion for a new trial because of the improper and inflammatory statements made by defendant's counsel in his closing argument which, it is said, appealed to the passion, prejudice and self interest of the jurors as taxpayers, and tended to influence the jurors in ascertaining the amount of plaintiff's damages.

We agree that counsel's argument was improper and approached the point of misconduct, but since plaintiff did not object thereto at the time, requested no instruction to the jury concerning the improper argument and did not move for a mistrial, the misconduct is not available as a basis for reversing the judgment. In *Mai v. City of Garden City,* 177 Kan. 179, 277 P. 2d 636, this court said:

". . . It is a well-established rule that misconduct of counsel in argument to the jury is not available as a ground for reversal where no objection is made to it and no request is made for a ruling thereon, or for an instruction to the jury concerning it. (*State v. Bonomo,* 173 Kan. 675, 678, 250 P. 2d 833; *State v. Fadler,* 126 Kan. 664, 271 Pac. 283.)" (p. 185.)

This rule has been followed in *Shreve v. Kansas Turnpike Authority,*

181 Kan. 406, 312 P. 2d 595; *Watkins Co. v. Hanson,* 185 Kan. 758, 347 P. 2d 447; and *Nelson v. Hardesty,* 205 Kan. 112, 468 P. 2d 173.

Not every instance of improper conduct gives rise to reversible error. Reversal is required only where prejudice results. The trial court's denial of plaintiff's motion for new trial implies that in its opinion substantial prejudice had not been shown. (*Nelson v. Hardesty,* supra; *Home Ins. Co. v. Atchison, T. & S. F. Rly. Co.,* 189 Kan. 316, 369 P. 2d 338.)

The judgment of the trial court is affirmed.