PARIENTE, J.,
concurring in result only.
I do not believe that the certified question has been answered by Murphy v. International Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000). Murphy involved a case of unobjected-to closing argument at trial. The Court in Murphy concluded that in order for a civil litigant to seek relief in the appellate court, the litigant must have “at least challenged such argument in the trial court by way of a motion for new trial even if no objection was voiced during trial.” Id. at 1027. Thus, the standard we enunciated in Murphy was based on a lack of objection to the closing argument prior to the jury verdict.
In this case, although the defendant did not contemporaneously object to each allegedly improper argument, the defendant did object to six comments contemporaneously and to ten comments during a recess, and subsequently moved for a mistrial based on cumulative error. The trial court sustained some of the objections and in its order denying the defendant’s motion for a new trial found that certain arguments directly impugned the integrity of *958 defense counsel and accused him of lying to the jury.
As Judge Blue observed in his concurring opinion below:
I write because I conclude Ms. LaFar-nara’s attorney ... engaged in improper closing argument, which should be a basis for a new trial. But for case law which appears to require a contemporaneous objection to each instance of improper argument, I would find that the issue was properly preserved by a motion for mistrial.
[[Image here]]
I also agree the trial court properly analyzed the issue of improper argument based on the case law from this court. It is that case law with which I disagree. The trial court set forth fourteen instances of improper argument in the order denying a new trial. Because there were no contemporaneous objections to these instances of improper argument, the trial court tested each on the basis of fundamental error. Before the final argument concluded, and after the instances of improper argument, Mr. Garbutt’s counsel moved for mistrial on the basis of improper argument. I would like to hold that this preserved the issue; a finding of fundamental error was not required; the trial court should have granted a mistrial; and it was therefore error to deny a new trial.
[[Image here]]
In this case, Mr. Garbutt listed thirty-four alleged instances of improper argument in the motion for new trial. The trial court agreed that in fourteen instances the argument by Ms. LaFar-nara’s counsel was improper. I conclude at least some of the remaining twenty were improper or borderline. Most trial lawyers would hesitate to interrupt closing argument thirty-four times, which would seem to be required under the present law.

In this case there was a motion for mistrial, based on the improper argument, made before the conclusion of the final argument. I suggest this should preserve the error and that trial counsel should be allowed to move for mistrial on the basis of cumulative improper argument. This places responsibility for proper argument on the attorney making the argument.

Garbutt v. LaFarnara, 754 So.2d 727, 728-29 (Fla. 2d DCA 1999) (Blue, J., concurring) (emphasis supplied).
The fact that a motion for mistrial was made prior to conclusion of the closing argument is a significant difference from those cases where no objection is made until an adverse verdict is returned. Indeed, in Murphy, in discussing the several policy concerns, we explained that the contemporaneous objection requirement
prevents counsel from engaging in “sandbagging” tactics, whereby counsel may intentionally refrain from objecting to improper closing argument, hoping to prevail despite such argument, and then seek relief based on the unobjected-to argument in the event that the desired outcome in the case is not achieved. Relatedly, precluding relief absent a contemporaneous objection accounts for the possibility that counsel may, as a tactical decision, refrain from objecting to opposing counsel’s improper argument based on the belief that such improper argument actually hurts opposing counsel’s rapport with the jury. Also, requiring a contemporaneous objection provides the trial judge, who is in the best position to evaluate the propriety and possible impact of allegedly improper closing argument, with the optimal opportunity to stop such argument when it is made. Finally, requiring a contemporaneous objection helps prevent confusion that can stem from appellate courts making “cold record” *959 decisions regarding improper closing argument.
766 So.2d at 1026 (citations omitted).
As the majority noted in Murphy, courts have taken varied approaches in dealing with the preservation of closing argument claims and, in some cases, have recognized that where a party moves for a mistrial prior to the close of the closing argument the objection may be deemed preserved. See Murphy, 766 So.2d at 1025 (citing Johnson v. Emerson, 103 Idaho 350, 647 P.2d 806 (App.1982) (finding that exception to improper closing argument is timely if made before case is submitted to the jury); and Siler v. City of Kansas City, 211 Kan. 258, 505 P.2d 765, 766 (1973) (finding that improper closing argument was not available as basis for reversing judgment where counsel for the party seeking relief did not object, request a curative instruction, or move for a mistrial based on such improper argument)).
At the very least, this Court should explore whether the Murphy rule should be varied when there is a motion for mistrial made prior to the conclusion of closing argument. Furthermore, we should clarify that the failure of the adverse party to object contemporaneously to each closing argument is not fatal to appellate review. See Murphy, 766 So.2d at 1036 n. 32, (Pariente, J. concurring specially in result only) (“[I]f the attorney has made objections to some of the closing argument remarks, which have been overruled, the fact that all of the objectionable remarks have not been preserved by subsequent objection does not preclude the appellate court from reviewing the cumulative effect of the objected-to and unobjected-to remarks.”)
ANSTEAD and QUINCE, JJ., concur.